TERRELL, Justice.
Edwin F. Froehlich and his wife Sarah F. Froehlich owned a large tract of land in the Everglades west of West Palm Beach, on which they had a dairy business. They brought this action ■ against West Palm Beach Water Company to recover damages for injury to the lands and dairy business account of flood waters forced over their lands due to defendant’s dikes. There was a verdict and judgment in favor of the Froeh-lichs for injury to the dairy. There was a judgment for defendant as to claim of damages to the land. A new trial was granted *597 as to both judgments and this appeal was prosecuted.
The Froehlichs have appealed from the order granting a new trial as to the judgment in their favor for damages to the dairy. The West Palm Beach Water Company has appealed (1) from that part of the order granting a new trial as to the judgment in its favor, (2) from that part of the judgment in favor of Edwin. F. Froehlich individually and (3) as to that part of the order in favor of Edwin F. Froehlich and Sarah F. Froehlich.
The only point with which we are concerned is whether or not the trial court abused his discretion in granting a new trial as to any or all aspects of the judgment.
The record discloses that the jury returned separate verdicts for damages to the dairy farm and for damage to the land on which it was located. The plaintiffs moved for a new trial and defendant moved to set aside the final judgment and enter judgment in its favor. The trial court found that there was ample evidence to support a verdict for damages to the dairy farm but that the amount of damages imposed did not square with the governing law. The reason for this finding was a showing that the damages were caused in part by the act of God and in part by the act of defendant but that the jury had assessed the damages solely against defendant.
It further appears from the record, and the trial court so found, that the lands of the plaintiffs would have been flooded despite the alleged negligence of defendant, that its negligence did nothing more than prolong the flood stage. There is a dearth of showing as to damage by the initial flooding or as to when defendant’s alleged negligence entered the picture. The trial court thought it inconsistent to allow damages to the dairy business and at the same time disallow damages to the real estate. If defendant is liable as to one it necessarily follows that it is liable as to the other, so the trial court found.
, The defendant'contends on the other hand that the order granting the new trial was error because the suit was brought on the theory that flood waters piled up on plaintiffs’ lands account of insufficiency of protecting dikes, that the rains were of torrential proportions that could not be anticipated, and that plaintiffs produced no evidence to show to what extent the damages were caused by the initial flood or what portion of it defendant was responsible for. It is fervently contended that the failure of plaintiffs’ dikes was the primary cause of the damage. This charge is countered with the charge that, the flood would not have been of such long duration if the initial flooding had been the sole contributory cause.
We have reached the conclusion that the trial court did not abuse his discretion in granting a new trial because of the contror versal factors heretofore pointed out and for others which we have not discussed. In his order granting the new trial the court concluded with the pronouncement that “justice will be best served by granting a new trial on both claims”.
His order finds ample support in the record and is affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.