182 So.2d 438 (1966)
Gabriele FEJER and Stefan Fejer, her husband, Appellants,
v.
WHITEHALL LABORATORIES, INC., a corporation doing business in Florida, and Surfside Drugs Inc., a Florida corporation, Appellees.
No. 65-320.
District Court of Appeal of Florida. Third District.
February 8, 1966.
Highsmith & Ezzo, Miami, for appellants.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Joseph W. Womack, Miami, for appellees.
Before HENDRY, C.J., and TILLMAN PEARSON and CARROLL, JJ.
HENDRY, Chief Judge.
This is an appeal by the plaintiff, STEFAN FEJER, from a final judgment entered pursuant to a jury verdict in an action for damages for personal injuries sustained by his wife, GABRIELE FEJER.
The alleged injuries were sustained after application of the product, "Heet", which is manufactured by the defendant Whitehall Laboratories, Inc. and was sold to the plaintiff-husband by the defendant, Surfside Drugs, Inc. Following a trial of the cause, the jury returned the following verdict:
"We, the jury, find for the plaintiff GABRIELE FEJER and assess her damages in the sum of Seventeen Hundred ($1,700.00) Dollars and for the plaintiff STEFAN FEJER in the sum of No ($0.00) Dollars so say we, all."
Subsequently the plaintiff-husband moved for a new trial on the issue of damages only claiming that the verdict was defective in that liability was determined in favor of the plaintiff and his damages were assessed at No Dollars although he had proven damages in the form of doctors, medicine and transportation expenses together with a showing of future medical expenses and the loss of his wife's society and companionship. The trial judge denied this motion.
Plaintiff-husband's contention on appeal is that the trial court erred in refusing to grant a new trial on the issue of his damages. We agree with this contention. An examination of the record supports the claim that the husband has suffered some damages, even if only the medical bills are considered. Further, the wife did not request nor did she attempt to prove that such damages should be awarded to her; and, the trial court properly instructed the jury on the issue of damages.
*439 It follows that the judgment appealed from should be reversed and a new trial awarded on the question of plaintiff-husband's damages only.[1]
Reversed and remanded.
NOTES
[1] Loftin v. Anderson, Fla. 1953, 66 So.2d 470; Thieneman v. Cameron, Fla.App. 1961, 126 So.2d 170; Noll v. Byorick, Fla.App. 1959, 108 So.2d 67.