CARROLL, Judge.
The appellant Clarence Faulk, a minor, through his mother as next friend and natural guardian, filed an action against the defendants for damages for personal injuries. His mother joined, seeking recovery of derivative damages for medical expenses and loss of services.
The injuries of the minor were received in a collision between a bicycle upon which he was riding and a motor vehicle alleged to be owned by the defendant Fisherman’s Paradise, Inc., being driven with its knowl *571 edge and consent by the defendant Gary Wayne Schafer. The motor vehicle owner’s liability insurer also was made a defendant.
The minor’s injuries included fracture of a bone or bones in both of his legs. He was taken by ambulance to a hospital, where he was treated and remained for three days. Evidence was presented at the trial that the hospital and doctors’ charges therefor amounted to $542.
The case was tried before a jury, on issues of negligence and contributory negligence. In the jury charges given by the court the jury was informed as to the claims of the two plaintiffs as follows:
“The issues for your determination are for the claim of Clarence Faulk, a minor, by and through his mother, next friend, and natural guardian, Ernestine Thomas, and Ernestine Thomas, individually, are whether the defendant, Gary Wayne Schafer, was negligent in and if so, whether such negligence was the legal cause of injury or damage sustained by Clarence Faulk, by and through his mother and next best friend.”
The portion of the court’s charges dealing with damages was as follows:
“If you find for the defendants, you will not consider the matter of damages. But, if the evidence proves negligence which is the legal cause of injury to the plaintiffs and for which the plaintiffs— the defendants are responsible, you should award the plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate him for such injury. You may take into consideration the following elements:
“Any bodily injury sustained by Clarence Faulk and any resulting pain, suffering, disability, and loss of capacity for the enjoyment of life. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any such award should be fair and just in the light of the evidence.
“You may take into consideration the reasonable value for expenses of medical care and treatment necessarily or reasonably obtained by the plaintiff Ernestine Thomas on behalf of her minor child.”
The jury returned a verdict in which they found for the minor plaintiff Clarence Faulk in the amount of $1,000, and found for the plaintiff Ernestine Thomas in the amount of “None dollars.” The plaintiffs moved for a new trial on several grounds, including that the verdict for the minor plaintiff was inadequate and that the verdict for the plaintiff Ernestine Thomas was contrary to law and not in accordance with the charges. The court denied the motion for new trial as to the minor plaintiff, and granted a new trial on damages for the plaintiff Ernestine Thomas. As grounds for the latter ruling the order stated:
“Plaintiffs’ Motion for New Trial on the issue of damages of Ernestine Thomas, mother of minor Plaintiff, be and the same is hereby granted on the grounds that the verdict in her favor is contrary to the law instructed to the jury; is a failure by the jury to consider all elements of damages; and is defective because of the inconsistency of the verdict with the verdict of the minor Plaintiff.”
The minor plaintiff appealed from the order denying his motion for a new trial, and contends the damages awarded to him were inadequate. The defendants cross-assigned as error the order granting a new trial on damages to the plaintiff Ernestine Thomas.
No reason in law has been shown to disturb the ruling of the trial court denying the minor plaintiff’s motion for a new trial. In view of the medical testimony which the jury was entitled to believe that complete recovery from the injuries had been made, with no permanent injury, the amount awarded to the plaintiff cannot be said to be inadequate such as to shock *572 the judicial conscience, or to be other than that which could be fixed by a jury of reasonable men upon consideration of the evidence as to the applicable elements of damage relating to the claim of the minor plaintiff.
The ruling of the court granting a new trial on damages to the plaintiff Ernestine Thomas is affirmed on authority of Loftin v. Anderson, Fla.1953, 66 So.2d 470, 473, opinion on rehearing; Thieneman v. Cameron, Fla.App.1961, 126 So.2d 170; Fejer v. Whitehall Laboratories, Inc., Fla. App.1966, 182 So.2d 438.
Affirmed.