PEARSON, Judge.
The appellants were two of the defendants in an action brought by the appellee real estate brokers. The action sought damages against the sellers and the defendant purchasers in a real estate transaction. The plaintiff claimed compensatory and punitive damages against the sellers and the buyers upon an allegation that the ac *130 tions of the defendants revealed a conspiracy and a tortious interference with plaintiff’s brokerage contract. The verdict finally recorded was against the sellers and the purchasers for both compensatory and punitive damages. This appeal is by the purchasers.
The point presented urges a procedural error in that upon the return of the first verdict form, which the trial judge found to be defective, the court returned the case to the jury without resubmitting all the original forms of verdict.[1]
Based upon the evidence, the trial judge properly instructed the jury. The jury was provided with four forms of verdict which accommodated the various determinations of liability and damages available under the instructions. The first verdict returned assessed punitive damages against all the defendants, but compensatory damages against only the sellers. The trial court declared this verdict ineffective as to the purchasers, as to whom the jury was instructed either to drop the punitive damages or to add compensatory damages. The tendered verdict was returned to the jury for correction. The jury then returned the form of verdict resubmitted to it, with compensatory damages inserted as to the purchasers. This appeal followed.
There is no doubt that there was a procedural error. The real question is whether appellants are now estopped to demand a new trial because they did not object and, in fact, tacitly agreed to the procedure proposed and carried out by the trial judge.
When the first verdict was handed to the judge, he called counsel to the bench and stated:
“THE COURT: It is obviously ineffective as to these three; Breziner, Gertner and Florida Antilles because they -cannot find punitive unless they find compensatory. I will so instruct them.
“I will ask them to take back the verdict and come back with what they want to do; either they can check or they can erase.
“MR. PARKS: That will explain the whole thing. I have no objection to you doing that, Your Honor.”
Counsel for the defendants did not respond but, after the jury had retired, moved “ . . . that the Court direct a verdict for the defendants, Gertner and Florida Antilles and Mr. Breziner too.” The court denied the motion.
We hold that no reversible error is established. See Brown v. Ripley, Fla.App. 1960, 119 So.2d 712; see also Lee County Oil Co. v. Marshall, Fla.App.1957, 98 So.2d 510.
Affirmed.

. In Stevens Markets, Inc. v. Markantonatos, Fla.1966, 189 So.2d 624, 626, the Supreme Court held:
“No ease is cited and none is found sanctioning the resubmission of less than all the multiple verdicts in a cause.* ***The District Court erred in affirming the trial court’s resubmission of only one of three verdicts involved in this cause.”