346 So.2d 1207 (1977)
Carmelo SAVOCA and Marie Savoca, Appellants,
v.
SHERRY FRONTENAC HOTEL OPERATING COMPANY, INC., D/B/a Sherry Frontenac Hotel, and Consolidated Mutual Insurance Company, Appellees.
No. 76-224.
District Court of Appeal of Florida, Third District.
May 10, 1977.
Rehearing Denied June 17, 1977.
Dixon, Dixon, Lane & Mitchell and Edward R. Nicklaus, Miami, for appellants.
*1208 Horton, Perse & Ginsberg, P.J. Carroll & Associates, Miami, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiffs, Carmelo Savoca and Marie Savoca, appeal a final judgment awarding Marie $13,000 and Carmelo zero dollars for damages for injuries sustained by Marie on the premises of the defendant when she slipped and fell injuring her hip.
Plaintiffs basically argue that the trial judge erred in giving conflicting and contradictory instructions to the jury as to whether the jurors or the judge were to reduce the total amount of compensatory damages in accordance with the jury's initial determination as to the percentage of negligence attributed to the plaintiffs and the defendant. Plaintiffs claim that the $13,000 final judgment was the result of a double reduction of the damages.
The record reflects that initially the trial judge instructed the jury on comparative negligence and that the jurors should reduce the total amount they find Marie Savoca is entitled to by the percentage of her negligence. Five minutes after the jury retired to deliberate, the trial judge called the jurors back to instruct them on the sympathy charge which he had omitted. After cautioning them not to permit bias to enter into their consideration of the verdict, the judge then explained the special interrogatory form of the verdict which the clerk gave them, and further instructed them not to be concerned about the reduction of the amount of damages. Counsel for plaintiffs and defendant made no comment or objection when asked by the trial judge if there was anything further. The jury deliberated for about an hour and then returned a verdict finding plaintiff Marie Savoca 80% negligent and defendant Sherry Frontenac Hotel 20% negligent. However, the jury had not filled in the amount of damages and the judge asked them to retire and complete the form of the verdict. At this juncture, the jurors were confused about the reduction and submitted in writing the question of who reduces the damages, the jury or the judge. Thereupon, the trial judge called the jurors into the court-room and explained to them that they should determine the total amount of damages and the court would then reduce it. The jury retired and two minutes later returned with a verdict awarding Marie $65,000. However, the amount of damages for her husband, Carmelo, was left blank. The judge noted the blank and informed the foreman that if the jury's answer was none, then to so indicate by writing "none" or "zero" in that blank space. The foreman then wrote in the word "none". After the verdict was published, both attorneys, upon being asked, declined to poll the jurors. Thereafter, the trial judge (in accordance with the percentage of negligence attributed to Marie) reduced the $65,000 to $13,000 and entered judgment in that amount.
It is clear that any confusion on the part of the jurors as to the issue of reduction of damages was resolved by the trial judge's explanation when he answered the question posed to him on this matter. Furthermore, when asked by the judge if his explanation to the jury on reduction was satisfactory, plaintiffs' counsel answered in the affirmative. Plaintiffs' counsel having failed to make any objection and, in fact, having acquiesced and the evidence being sufficient to sustain an award of $65,000 before reduction, we find no merit in this contention of plaintiffs. See Holmes v. School Board of Orange County, 301 So.2d 145 (Fla.4th DCA 1974); Florida Antilles Properties, N.V. v. Rose & Rose, Inc., 324 So.2d 129 (Fla.3d DCA 1975).
Plaintiffs also urge as reversible error the fact that the verdict for zero dollars for Carmelo and $65,000 for Marie is inconsistent as Carmelo had a derivative claim for medical expenses while Marie's claim was for pain and suffering.
The record demonstrates that this matter of inconsistent verdicts was raised by defendant's counsel immediately after the verdict was published. Plaintiffs' counsel refused to concede that the verdicts constituted *1209 error and after further discussion, the attorneys could not agree on a resolution of this problem and the jury was discharged.
We conclude this point also lacks merit. First, no objection to the verdicts was made by plaintiffs' counsel who refused to concede error. In addition, the inconsistency could have been corrected before the jury was discharged if, as counsel for defendant suggested, the cause was resubmitted to the jury. However, plaintiffs' counsel refused to agree to this suggestion. Thus, any error as to the receipt of the inconsistent verdicts has not been preserved for purposes of this appeal. See Lindquist v. Covert, 279 So.2d 44 (Fla.4th DCA 1973); Shank v. Fassoulas, 304 So.2d 469, 471 (Fla.3d DCA 1974).
Affirmed.