364 So.2d 1253 (1978)
Brenda HECTOR, Appellant,
v.
Florida FARM BUREAU MUTUAL INSURANCE COMPANY and Ernest Heath, Appellees.
Brenda Hector, Appellant,
v.
STONEWALL INSURANCE COMPANY and Henry Williams, Appellees.
Nos. 78-296, 78-301.
District Court of Appeal of Florida, Second District.
December 1, 1978.
*1254 I.W. Williams of Williams & Milton, St. Petersburg, for appellant.
James C. Hadaway of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, for appellees Florida Farm Bureau and Ernest Heath.
Thomas Saieva of Woodworth & Saieva, P.A., St. Petersburg, for appellees Stonewall and Williams.
HOBSON, Acting Chief Judge.
Brenda Hector, plaintiff in the court below, appeals from a final judgment entered in favor of Ernest O. Heath and his insurer, Florida Farm Bureau Mutual Insurance Co., and a final judgment for $1,000 entered in her favor against Henry Williams and his insurer, Stonewall Insurance Co. These two cases have been consolidated for purposes of this appeal.
Appellant argues that the judgment in favor of Heath and his insurer is against the manifest weight of the evidence and that the $1,000 judgment award in her favor is inadequate. We decline to disturb the jury's decision on the question of liability, but we agree with appellant that the award from Williams and his insurer is inadequate.
Appellant sustained injuries as a result of an automobile accident involving the Williams vehicle, in which she was a passenger, and a vehicle driven by Ernest Heath. Both drivers contested the issue of liability.
Three physicians testified as to appellant's injuries. The first physician stated that he treated appellant in his office for approximately two months and subsequently recommended hospitalization for more intensive therapy. At discharge, appellant appeared to be completely recovered. The second physician testified that he treated appellant for approximately ten months after her discharge from the hospital. In his opinion, appellant suffered permanent injury to her back, neck and leg. A third physician testified that he examined appellant on one occasion approximately a year after the accident and found no objective problems although there were remaining subjective complaints.
Evidence revealed that appellant's medical bills were in excess of $2,400. Further, appellant testified that she lost wages as a result of her injuries in the amount of $2,500.
The accepted test for determining the adequacy of a jury verdict is whether a jury of reasonable persons could have returned the verdict. Griffis v. Hill, 230 So.2d 143 (Fla. 1970). We view the following facts as determinative of the question of adequacy:
1) Appellant was in no way negligent in the accident;
2) The jury determined that appellee Williams was negligent in causing the accident;
3) Uncontradicted testimony disclosed that appellant suffered injuries as a result of the accident;
4) Uncontradicted testimony revealed that appellant's damages far exceeded the $1,000 award.
*1255 While we are always reluctant to supplant a jury verdict, it is clear that in this case the verdict was inadequate and legally inconsistent with the proofs. See Rodriquez v. Allgreen Corporation, 242 So.2d 741 (Fla. 4th DCA 1971).
Since the issue discussed above is dispositive of this appeal, we do not address ourselves to appellant's other point. We affirm the judgment entered in favor of Ernest O. Heath and his insurer, reverse the judgment entered against Henry Williams and his insurer, and remand the case for a new trial on the issue of damages only.
SCHEB and OTT, JJ., concur.