KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a final judgment entered pursuant to a jury verdict in a personal injury action. We reverse.
Appellants brought this action for personal injuries sustained by the wife and medical bills incurred by the husband for her. The matter proceeded to a jury trial after which, among other things, the jury was instructed that, if it found the wife had incurred reasonable and necessary medical expenses in excess of $1000, the husband should receive damages for those expenses. After concluding its instructions, the trial court presented the jury with a special interrogatory form which first required the jury to answer the question of whether the wife sustained medical expenses in excess of $1000. If its answer was yes, which it was, the jury was instructed to set out the total amount of damages sustained by each of the appellants. After deliberation, the jury returned a verdict which awarded appellants a total of $1542.00, but the entire amount was placed next to the wife’s name, with no amount shown by the husband’s name. The jury after further instruction by the trial court placed a “0” by the husband’s name, thereby rendering a verdict for the wife in the sum of $1542.00 and a verdict for the husband in the sum of zero dollars. Pursuant to the verdict, the trial court entered a final judgment in favor of appellant wife in the sum of $1542.00. Thereafter, appellants moved for a new trial on the specific ground that the verdict was against the manifest weight of the evidence and the law. This motion was denied and this appeal followed.
Appellants’ sole point on appeal is that where the jury in a personal injury action is properly instructed that the medical expenses incurred by the wife is an element of the husband’s damages and the jury returns a verdict awarding the wife a sum of money, but nothing to the husband, it is error not to grant a new trial for both plaintiffs.
In the instant case it is clear from the record that the jury’s verdict was inconsistent with the trial court’s instructions to it. First the jury was instructed to find if the wife had incurred medical expenses in excess of $1000; then, if the jury found that she had, it was instructed that those were damages of the husband. However, after finding the requisite amount of medical expenses, the jury awarded the husband nothing, but instead awarded the wife $1542.00. This verdict was clearly inconsistent with the jury’s instructions. Accordingly, in our opinion, it was reversible error for the trial court not to have granted appellants’ motion for a new trial. See, e. g., Roth v. Calvert Fire Insurance Co., 119 So.2d 49 (Fla.1960); Coppola v. Ballard, 314 So.2d 6 (Fla. 4th DCA 1975); and Fejer v. Whitehall Laboratories, Inc., 182 So.2d 438 (Fla. 3d DCA 1966). Compare Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978). We note that it is not the form of the verdict which is being attacked here, but rather its inconsistency. Therefore, the final judgment appealed is reversed and the cause is remanded for a retrial on the issue of damages in regard to both appellants.
Reversed and remanded with instructions.