SCHWARTZ, Judge
(dissenting)
I respectfully dissent on two grounds. The plaintiffs failed to raise their present *1109 contention before the lower court when the husband’s verdict form had initially, be.én left blank by the jury; they did not object to the request by the trial judge that the jury “put a figure for Raul Vega, one way or the other . . . ”, a request which certainly implied that the jury could properly return a zero verdict for the husband; finally, they asserted no objection, when, in response to that request, the jury did place a “0” in the husband’s space. I believe, therefore, that the plaintiffs waived their right to complain of the concededly inconsistent verdicts which were finally returned. Savoca v. Sherry Frontenac Hotel Operating Co., Inc., 346 So.2d 1207 (Fla. 3d DCA 1977); State, Department of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979); Wiggs and Maale Construction Co. v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973).
In addition, the record before us is not sufficient to demonstrate that the appellants were really harmed by the form of the verdicts. If only because of the odd amount of the wife’s verdict, which was probably related to a particular bill, it seems very likely, as clearly appeared in Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978), that the jury simply awarded the medical expenses to the wife, instead- of the husband. If this were so, as in Webber; the inconsistent verdicts would present no harmful error. The record on appeal, however, does not contain the bills themselves or even indicate their total amount. Thus we have no way of knowing that this did not occur. Under these circumstances, I would hold that the appellants have failed to meet their burden of establishing the existence of prejudicial error below.[1]
I would affirm.

. Moreover, I think that, on the facts of this ■ case, only the husband’s claim, and' not the wife’s as well, should be retried. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); Webber v. Jordan, supra; Fejer v. Whitehall Laboratories, 182 So.2d 438 (Fla. 3d DCA 1966); compare Noll v. Byorick, 108 So.2d 67 (Fla. 3d DCA 1959); Coppola v. Ballard, 314 So.2d 6 (Fla. 4th DCA 1975).