HURLEY, Judge,
specially concurring.
I join in the court’s affirmance of this case because the record discloses that trial counsel for appellants/third party defendants agreed in writing to settle the case for a specific sum and then stated:
We do believe that you are entitled to some attorney’s fees, but certainly not that exceeds the amount of the original claim. We will be happy to submit a check to you settling the original claim and let the court set your attorney’s fee if you still claim it.
Based on the foregoing, appellees/third party plaintiffs settled for the agreed sum and concurred in the dismissal of the third party complaint with the proviso that the trial court would retain jurisdiction and assess attorney’s fees at a later time. When appellees moved to tax attorney’s fees, appellants interposed the objection that attorney’s fees were not available as a matter of law. The trial court overruled the objection and granted attorney’s fees based on an indemnification theory. As I see it, on appeal we need not reach the issue of indemnification, for appellants/third party plaintiffs’ written offer to settle and their explicit agreement to allow the trial court to assess attorney’s fees, coupled with the later dismissal of the action, estops appellants from asserting the error, if any, on appeal. Florida Antilles Properties, N.V. v. Rose and Rose, Inc., 324 So.2d 129 (Fla. 3d DCA 1975). See also American Mortgage Corporation v. Lord, 253 So.2d 922 (Fla. 2d DCA 1971), cert. denied, 260 So.2d 514 (Fla. 1972); Martel v. Carlson, 118 So.2d 592 (Fla. 3d DCA), cert. denied, 123 So.2d 674 (Fla. 1960).