470 So.2d 19 (1985)
HOLLAND AMERICA CRUISES, INC., a Foreign Corporation, and Holland Amerika Lijn, N.V., a Netherlands Antilles Corporation, Appellants,
v.
Linda UNDERWOOD and Robert Underwood, Her Husband, Appellees.
No. 84-2113.
District Court of Appeal of Florida, Second District.
April 24, 1985.
Rehearing Denied June 6, 1985.
*20 Edward F. Gerace of Edward F. Gerace, Esq., P.A., Tampa, for appellant Holland America Cruises, Inc.
William E. Hahn of Shear, Newman & Hahn, P.A., Tampa, for appellees.
CAMPBELL, Judge.
Appellant, Holland America Cruises, Inc., appeals the final judgment entered in favor of appellees, Linda and Robert Underwood. We affirm.
Mr. and Mrs. Underwood purchased tickets to take a cruise on appellant's vessel, The Veendam. While the ship was docked in Puerto Rico, an intruder boarded the vessel and attacked Mrs. Underwood in her stateroom. Mrs. Underwood filed suit against appellant for both physical and emotional injuries. Mr. Underwood filed a derivative suit seeking recovery for his wife's medical expenses and loss of consortium. The jury rendered a verdict in favor of Mrs. Underwood for $130,000, but failed to award Mr. Underwood any damages on his loss of consortium claim.
Appellant contends that there are three points of error to be considered on appeal. First, that the trial court erred in failing to grant its motion for directed verdict and in refusing to charge the jury on the issue of foreseeability. Second, that the verdict was inconsistent and, third, that the trial court erred in refusing to grant its motion for new trial or remittitur since the verdict was the product of passion or prejudice. We find no merit in appellant's contentions.
Appellant argues that it had no duty to protect Mrs. Underwood from criminal attack since the attack was not reasonably foreseeable. A common carrier is required to exercise the "highest degree of care, foresight, prudence and diligence reasonably demanded at any given time by the conditions and circumstances then affecting the passengers and the carrier." Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969).
The relationship between a common carrier and a passenger is classified as a "special relationship." A "special relationship" is one where a person "entrusts himself to the protection of another and relies upon that person to provide a place of safety." Nappier v. Kincade, 666 S.W.2d 858 (Mo. App.Ct. 1984). Here, appellant informed the passengers that they were safe while on board the ship and employed certain security measures to protect them from criminal activity. All persons, including employees, were required to possess passes at all times, and these passes were checked at the gangway before anyone was allowed access to the ship. These security procedures indicate that appellant was aware of the propensity for criminal activity and undertook specific measures to prevent harm to its passengers. Previous attacks were not necessary for appellant to be aware of the potential for illegal conduct by intruders while docked in a foreign port. See Restatement (Second) of Torts §§ 302B, 314A (1965). Therefore, under the circumstances of this case, the court's instruction to the jury on the issue of negligence was proper, and the instruction on foreseeability was not necessary since appellant breached its assumed duty to protect appellees from criminal activity.
Regarding appellant's second point on appeal, we find that the verdicts are not inconsistent. Mrs. Underwood sued appellant for the injuries she sustained in the attack. Her husband brought a derivative suit for his loss of consortium as an independent element of damages, and for the medical bills he incurred due to her injuries. Appellant contends that a finding in favor of Mrs. Underwood would necessitate a recovery by Mr. Underwood for medical expenses. The jury awarded recovery to *21 Mrs. Underwood, but awarded Mr. Underwood nothing. Appellant contends that this entitles it to a new trial.
Appellant lacks standing to raise the issue of inconsistency regarding the jury verdict since they failed to object before the jury was discharged. See Atlantic Coastline Ry. Co. v. Price, 46 So.2d 481 (Fla. 1950); Ashby Div. of Consol. Aluminum v. Dobkin, 458 So.2d 335 (Fla. 3d DCA 1984). Additionally, Mr. Underwood did not request relief for his wife's medical expenses. His only claim was for loss of consortium and appellant prevailed on this issue.
Finally, upon review of the record, it is clear that there is no evidence to support appellant's contention that the jury verdict was excessive or the product of passion or prejudice. Thus, the trial court did not err in refusing to grant their motion for new trial or remittitur.
Accordingly, we affirm.
RYDER, C.J., and FRANK, J., concur.