476 So.2d 289 (1985)
James B. COWART, Appellant,
v.
KENDALL UNITED METHODIST CHURCH and Atlantic Mutual Insurance Company, Appellees.
KENDALL UNITED METHODIST CHURCH and Atlantic Mutual Insurance Company, Appellants,
v.
Todd COWART and James B. Cowart, Appellees.
Nos. 84-979, 84-1014 and 84-1082.
District Court of Appeal of Florida, Third District.
October 8, 1985.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Miami, for appellant.
*290 Vernis & Bowling and Richard H.W. Maloy, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Mrs. Todd Cowart was severely injured in a bicycle-automobile collision. She and her husband, James, who asserted a purely derivative claim, brought an action for damages which resulted in jury verdicts of $400,000 for Mrs. Cowart and zero for Mr. Cowart. Mr. Cowart then moved for a new trial as to his damages on the ground that the verdict in his case was inadequate and contrary to the manifest weight of the evidence. Although it was and is undisputed that he sustained at least some loss of consortium,[1] so that the award of no damages for that element was plainly unsupportable, the trial judge denied the motion on the sole ground that Cowart had not objected nor requested resubmission of the case to the jury after the verdicts were returned. In considering his appeal we disagree with that view but, for the reasons stated below, nevertheless affirm the judgment under review.
In order to dispel any existing confusion on the matter, which we think is mostly unjustified in any event, we specifically hold that a contemporaneous objection to a zero verdict in a derivative personal injury claim, even though accompanied by a money award in the nonderivative one, is not required to preserve the claim that the award of no damages is inadequate or contrary to the weight of the evidence. The decision of this court in Savoca v. Sherry Frontenac Hotel Operating Co., 346 So.2d 1207 (Fla. 3d DCA 1977), upon which the appellees and the trial court have relied for the contrary proposition, does not hold otherwise. Savoca involved that aspect of the general rule requiring the timely assertion below of correctable error, Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980), which applies to a claim that multiple jury verdicts or answers to special interrogatories are inconsistent with or contrary to each other  a contradiction which could obviously be resolved, one way or the other, if an objection is raised when the verdicts are returned so that the jury may reconsider the case as a whole. State Department of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973); Wiggs & Maale Construction Co. v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977); see Higbee v. Dorigo, 66 So.2d 684 (Fla. 1953). We held in Savoca that, because plaintiffs' counsel not only did not request resubmission, but successfully resisted defendant's suggestion that this be done, this rule precluded the plaintiffs' appellate assertion that a zero verdict for a husband's derivative claim was "inconsistent" with a substantial damage award for the injured wife. By the same token, a defendant's initial challenge on appeal to a verdict for the injured spouse on the ground of inconsistency with a no damage finding in the derivative claim is barred by the failure to assert that position when the verdicts were returned. Holland America Cruises, Inc. v. Underwood, 470 So.2d 19 (Fla. 2d DCA 1985); City of Fairbanks v. Smith, 525 P.2d 1095 (Alaska 1974).[2] See also Shank *291 v. Fassoulas, 304 So.2d 469 (Fla. 3d DCA 1974) (indicating that finding of "inconsistency" between injured child's zero verdict and money award to parent, made initially by court in new trial order, could have been raised by plaintiff only by objection at trial, although plaintiffs' claim of inadequacy on child's verdict was properly raised by motion for new trial); but cf. Vega v. Mahfuz, 367 So.2d 1107 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 346 (Fla. 1979) (holding that claim that verdicts awarding damages to injured party but none in spouse's derivative claim were in conflict with the jury instructions need not be asserted at trial).
But these decisions do not apply here. Mr. Cowart pointedly does not complain that his verdict is "inconsistent" with his wife's; indeed, he correctly points out that there is nothing necessarily or legally "inconsistent" between an award to the injured person and a finding of no damages in the derivative claim, which may be perfectly appropriate if the evidence on the point is insufficient or conflicting. E.g., Tejon v. Broome, 261 So.2d 197 (Fla. 2d DCA 1972), cert. dismissed, 265 So.2d 50 (Fla. 1972). (Thus, any claim of inconsistency, whether made at trial or on appeal in Savoca or in this case, would probably have been rejected on the merits.) What the appellant Cowart does say  and the defendants concede that he is correct  is that the jury's conclusion that he is entitled to no award for loss of consortium[3] is contrary to the manifest weight of, indeed, the undisputed evidence in this particular record that he in fact sustained damages in that respect. The appellate review of the merits of this contention is governed by the numerous decisions which hold that a zero damage verdict for the plaintiff, even when coupled with a finding of liability against the defendant, may be tested for inadequacy in the light of the evidence of the case raised, as here, only by an appropriate (and required) motion for new trial on these grounds. Short v. Grossman, 245 So.2d 217 (Fla. 1971); Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Faulk v. Schafer, 288 So.2d 570 (Fla. 3d DCA 1974); Hancock v. Smith, 248 So.2d 211 (Fla. 3d DCA 1971); Pickel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968). See generally Sears Roebuck & Co. v. Jackson, 433 So.2d 1319 (Fla. 3d DCA 1983). Considering the point directly at issue, it is clear, as demonstrated by the unanimity of authority in Florida and elsewhere which so holds, that the facts that Cowart's is a derivative claim and that his zero verdict accompanied a substantial award for his spouse in the primary action do not in any way affect the applicability of this rule so as to require in addition a contemporaneous objection at trial. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); Nix v. Summitt, 52 So.2d 419 (Fla. 1951); Shank, as discussed in Jackson, supra; Fairbanks, supra;[4] see, Loftin, supra; Klosters Rederi A/S v. Cowden, 447 So.2d 1017 (Fla. 3d DCA 1984); Kinne v. Burgin, 311 So.2d 695 (Fla. 3d DCA 1975); Fejer v. Whitehall Laboratories, Inc., 182 So.2d 438 (Fla. 3d DCA 1966); Thieneman v. Cameron, 126 So.2d 170 (Fla. 3d DCA 1961); Stroud v. Govreau, 495 S.W.2d 682 (Mo. 1973); Lewis v. Moss, 347 So.2d 91 (Ala. 1977); Morris v. McCauley's Quality Transmission Service, 60 Cal. App.3d 964, 132 Cal. Rptr. 37 (1976).
*292 Despite having said all this, we do not reverse. This apparent paradox stems from our finding that  in the light of the ample, although not independently excessive, verdict in Mrs. Cowart's case and the emphasis upon her recovery in the argument of the Cowarts' counsel  there is a real possibility that the jury, albeit incorrectly, included Mr. Cowart's claim for loss of consortium in his wife's award;[5] on this basis, we have determined that the interests of justice and the prevention of a possible double recovery require that any new trial be held as to both of their damage claims, rather than Mr. Cowart's alone. Vega, supra; Shank, supra; Noll v. Byorick, 108 So.2d 67 (Fla. 3d DCA 1959); Coppola v. Ballard, 314 So.2d 6 (Fla. 4th DCA 1975); see also Timmy Woods Beverly Hills, Ltd. v. Greenwald, 475 So.2d 256 (Fla. 3d DCA 1985); Air Florida, Inc. v. Hobbs, 477 So.2d 40 (Fla. 3d DCA 1985); compare Cedars of Lebanon Hospital Corp. v. Silva, 476 So.2d 696 (Fla. 3d DCA 1985). When we asked the Cowarts' counsel at oral argument his position were we to reach this conclusion, he forthrightly stated that he did not desire such a trial and preferred that the judgment below simply be affirmed.[6] We accept this as an informed abandonment or waiver of the point raised in Mr. Cowart's appeal.[7]
Since there is no merit whatever in the defendants' challenges, raised in separate appeals, to Mrs. Cowart's award, the judgment below, in its entirety, is
Affirmed.
NOTES
[1] In this court, Mr. Cowart has conceded that, as a result of the plaintiffs' counsel's request for the jury to do so in final argument, it likely included the medical expenses, which the husband was technically entitled to recover, in the wife's verdict. See Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1979), cert. denied, 374 So.2d 102 (Fla. 1979). In an attempt to confine any new trial to the husband's case alone, rather than in the wife's as well, Cowart thus restricts his new trial request to one which would concern only the element of loss of consortium. As we indicate, infra, however, this stratagem is unavailing.
[2] It bears emphasis that these "inconsistency" situations are particularly appropriate ones for enforcing the preservation requirement. This is so because if in either case both verdicts were returned for reconsideration by the jury, it could resolve the conflict adversely to the interest of the party complaining on appeal. Thus, in the situation involved in Savoca and this case, the jury might well have vacated the injured spouse's substantial verdict rather than granting one in the derivative claim; similarly, had the defendant in Holland America Cruise, Inc. requested reconsideration, the jury was free to add a verdict in the derivative case, instead of vacating the one for the injured party. In these circumstances, the respective party's failure to seek jury reconsideration below is properly regarded as a conscious choice of strategy which effects a binding waiver of any contention that he was entitled on appeal to the relief he consciously, and for good reason, eschewed at trial. See State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Murray-Ohio Manufacturing Co. v. Patterson, 385 So.2d 1035 (Fla. 5th DCA 1980).
[3] See supra note 1.
[4] Fairbanks, supra, in itself shows the harmony between our holding and those exemplified by Savoca and Holland America Cruises. In Fairbanks, supra, although neither complained at trial, both sides appealed from jury verdicts identical to the ones involved here. As in Holland America Cruises, the defendant's claim of inconsistency was rejected for lack of preservation below; the plaintiff-spouse however successfully contended that her zero verdict was inadequate and won a new trial on that basis on appeal.
[5] See supra note 1.
[6] The basis of this position is self-evidently the fear that a new trial on both claims might result in a smaller total than the one already returned ostensibly for Mrs. Cowart alone; its assertion can only lend support for our "founded suspicion" that her $400,000 already includes his damages.
[7] It may be that this result renders what has gone before technically unnecessary to the disposition of the case and therefore dictum. We consider that the effort may nonetheless have been worthwhile in aiding in the understanding of a troublesome area of the Florida law.