SCHWARTZ, Chief Judge.
This litigation stems from a theft that occurred in Las Vegas, Nevada, while Herman and Fredericka Siegel were guests of the MGM Grand Hotel. The Siegels, who are residents of Dade County, had traveled to Las Vegas on a personal “gambling junket,” arranged through the Grand Hotel office in Miami Beach, under which MGM agreed to provide free air fare and secure accommodations in exchange for the Sie-gels’ promise to gamble substantial sums of money in the MGM casino. Precisely as they had been agreed to and provided by the hotel on some fourteen prior occasions, the Siegels’ accommodations consisted of a penthouse suite located on the 26th floor. The entire floor was protected by an iron gate and guarded twenty-four hours a day by armed security personnel who controlled the entrance to the six suites located on that floor. On January 5, 1978, the Siegels left their hotel room in the evening and went out to dine.' Upon their return, they found the entire 26th floor open to the public and no security guard in sight. Unbeknownst to the Siegels, several hospitality suites had been permitted to occupy the floor for a trade show and people were roaming from suite to suite enjoying the free food and drink. The Siegels passed through the hallway to their room, immediately locked themselves inside, and retired. The next day, as they were packing to leave, they discovered money and jewelry missing from their suite. The items had been present in the room before they went out to eat the day before.
The Siegels sued to recover the value of their loss on two legal theories, which were each based upon the same factual showing concerning the alleged absence of appropriate security on the night in question. They claimed that MGM’s conduct (a) was a breach of their mutual agreement, and (b) amounted to gross negligence which would establish innkeeper liability under Nevada law. See Nev.Rev.Stat. § 651.010; Owens v. Summa Corp., 625 F.2d 600, 604 (5th Cir.1980); Levitt v. Desert Palace, Inc., 601 F.2d 684, 687 (2d Cir.1979).
At the conclusion of the trial, the court submitted the case in the form of the following jury interrogatories:
1. Was there a contract between the Plaintiffs and the Defendant which was breached and was that breach the legal cause of the Plaintiffs’ loss?
YES X NO_
[[Image here]]
2. Was there a want of consideration or failure of consideration?
YES_ NO X
[[Image here]]
3. Was the Defendant, MGM GRAND HOTEL, INC., grossly negligent?
YES X NO_
4. Was the gross negligence of the Defendant, MGM GRAND HOTEL, INC. the legal cause of the Plaintiffs’ loss?
YES_ NO X
The jury assessed damages at $100,000 and the trial court entered a standard judgment for the Siegels in that amount.
As we understand MGM’s position as finally formulated on this appeal, it does not challenge the jury finding of gross *453 negligence. On the assumption, however, that this conclusion may be disregarded because of the answer to question 4 and that the breach of contract theory is therefore the only cognizable basis for the judgment, it claims that the agreement sued upon was void as a gambling contract rendered unenforceable by section 849.26, Florida Statutes.[1] See Young v. Sands, Inc., 122 So.2d 618 (Fla. 3d DCA 1960). We deem it inappropriate to reach the difficult issue of whether the statutory bar extends to void a contract in which the promise to gamble seems to be a merely collateral aspect of the entire transaction[2] because, as we shall see, the answer to the question is irrelevant to the ultimate disposition of the case. This follows, in turn, from our agreement with the Siegels’ position on cross-appeal that a new trial must be held on the legal cause issue because the jury’s responses on that question were fatally irreconcilable.
There is no doubt — and MGM agrees[3] — that, since the identical conduct was involved in both theories, MGM’s breach of contract could not be deemed the legal cause of the loss, as found in answer 1, and its gross negligence not the legal cause of the loss, as found in answer 4. As courts have often held in determining the effect of totally irreconcilable special verdicts, which are, as here, unaccompanied by a general one, no judgment for either side can properly be entered and the only solution is to require a new jury to decide whether the now-determined-to-be insufficient security was or was not a legal cause of the apparent theft. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635, 637 (Fla. 1st DCA 1987); see also J. Moore & J. Lucas, Moore’s Federal Practice 49.03[4], at 49-32 (2d ed. 1986); Guidry v. Kem Manufacturing Co., 598 F.2d 402 (5th Cir.1979), cert, denied, 445 U.S. 929, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980); Fugitt v. Jones, 549 F.2d 1001 (5th Cir.1977); Blue Chelan, Inc. v. Department of Labor and Industries, 101 Wash.2d 512, 681 P.2d 233 (1984); see also Froehlich v. West Palm Beach Water Co., 66 So.2d 596 (Fla.1953).
Although, as we have seen,[4] MGM does not dispute the irreconcilable nature of the jury responses, it claims that the issue was “waived” by the fact that neither side objected to the inconsistency after the return of the verdict. E.g., Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985); Papcun v. Piggy Bag Discount Souvenirs, Food & Gas Corp., 472 So.2d 880 (Fla. 5th DCA 1985); State Department of Transportation v. Denmark, 366 So.2d 476 (Fla. 4th DCA 1979); Linguist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973); see Higbee v. Dorigo, 66 So.2d 684 (Fla.1953). We do not believe that MGM is in a position to make this claim. Unlike all the decisions cited, this is not a case in which the appellant claims that a verdict consistent with the judgment against it is inconsistent with another verdict in its favor; in that situation, the complaining party must raise the objection at *454 trial so that the jury may be given a chance in effect then to resolve the dispute, perhaps against that party. See Cowart, 476 So.2d at 290. Just the opposite is true here: the judgment against the appellant MGM is thoroughly sustainable and consistent if the gross negligence finding is put together with the legal causation determination in answer to question 1. Thus, if anyone were required to object to the inconsistency, it was MGM, and if anyone could challenge the failure to object, it was the Siegels. Far from doing so, however, the Siegels, by motion for new trial and cross-appeal, have specifically sought a new trial as to legal cause. See Cowart, 476 So.2d at 291.
We conclude that the issues of liability and legal cause are inextricably intertwined and that the interests of justice therefore require a new trial on all issues other than damages.[5] See Federal Deposit Insurance . Corp. v. Munn, 804 F.2d 860 (5th Cir.1986). For these reasons, the judgment below is reversed on the cross-appeal. The cause is remanded for a new trial and for further consistent proceedings thereafter.
Reversed and remanded with directions.

.Section 849.26 states:
All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, when the whole or part of the consideration if for money or other valuable thing won or lost, laid, staked, betted or wagered in any gambling transaction whatsoever, regardless of its name or nature, whether heretofore prohibited or not, or for the repayment of money lent or advanced at the time of a gambling transaction for the purpose of being laid, betted, staked or wagered, are void and of no effect; provided, that this act shall not apply to wagering on pari-mutuels or any gambling transaction expressly authorized by law.

. Compare 15 S. Williston, Law of Contracts, § 1752 (W. Jaeger 3d ed. 1972); Miller v. Radi-kopf, 394 Mich. 83, 228 N.W.2d 386 (1975); Smith v. Williams, 698 F.2d 611 (3d Cir.1983) with Barquín v. Flores, 459 So.2d 436 (Fla. 3d DCA 1984).

. MGM’s reply brief states: “[T]he jury could not conceivably find MGM guilty of a breach of contract but find no proximate cause in relation to the alleged gross negligence.”

. See supra note 3.

. We find no merit in MGM’s evidentiary points nor its claims of error in the dismissal of its counterclaim against Mr. Siegel for his failure to pay his gambling markers.