GAVIN K. LETTS, Associate Judge.
Involved is a matter of burglary insurance coverage, the jury verdict absolving the insurer and apportioning the blame for the lack of coverage between the local insurance agent and the policy holder. We reverse.
The policy holder alleged its belief that it had burglary coverage at both of its business locations, but in fact, the terms of the policy only provided such coverage at one. As luck would have it, the burglary occurred at the uninsured address. The facts are disputed as to whether the policy holder told the agent he expected coverage at both locations. However, undisputed by stipulation, is the fact that the local insurance outlet which procured the policy was the agent of the insurer rather than the insured.
As we see it, the jury verdict was reversibly inconsistent. See MGM Grand Hotel, Inc. v. Siegel, 506 So.2d 451 (Fla. 3d DCA 1987). It simply cannot be, when an insurance company’s agent is found to be negligent in not procuring the proper coverage, that the insurance company be simultaneously declared free of liability. Undeniably, and without need of citation, a principal is liable for the acts of its agent carried out within the scope of employment.
Accordingly, this cause is reversed and remanded for a new trial.
Reversed and remanded.