579 So.2d 773 (1991)
James McCLOUD and Sharon McCloud, His Wife, Appellants,
v.
SHERMAN MOBILE CONCRETE CO., INC., a Corporation, Appellee.
No. 90-01196.
District Court of Appeal of Florida, Second District.
May 3, 1991.
Rehearing Denied May 30, 1991.
Joel S. Perwin of Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, and Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellants.
Carl B. Lyle, II and Chester L. Skipper of Lyle & Skipper, P.A., St. Petersburg, for appellee.
SCHOONOVER, Chief Judge.
The appellants, James McCloud and Sharon McCloud, challenge the denial of their motion for a new trial on damages filed after a jury returned a verdict of zero damages in their personal injury action against the appellee, Sherman Mobile Concrete Company, Inc. We reverse.
The appellants filed a negligence action against the appellee for injuries Mr. McCloud sustained when a walkway he was using collapsed and caused him to fall five feet into the water. In addition to Mr. McCloud's claim for medical expenses, disability, past and future wages, and pain and suffering, Mrs. McCloud sought damages for loss of her husband's services, society, and consortium. At the conclusion of a jury trial, the jury returned a special verdict finding negligence on the part of the appellee which was the legal cause of the accident. The jury also found negligence *774 on the part of Mr. McCloud. The jury found that Mr. McCloud and the appellee were each fifty per cent responsible and that neither Mr. McCloud nor Mrs. McCloud had sustained any damages as a result of the incident. The appellants' motion for a new trial on the issue of damages was denied, and the appellants filed a timely notice of appeal from the judgment entered on the basis of the jury's verdict.
A motion for new trial is directed to the sound, broad discretion of the trial judge, who, because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based, is better positioned than any other one person to fully comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached. Cloud v. Fallis, 110 So.2d 669 (Fla. 1959). His ruling on a motion for a new trial, accordingly, should not be disturbed in the absence of a clear showing that such discretion has been abused. The trial judge has the duty to grant such a motion, however, where the jury has been influenced by extraordinary considerations, misled by the force and credibility of the evidence, or when the verdict, as in this case, fails to comport with the manifest weight of the evidence. Surety Mortgage, Inc. v. Equitable Mortgage Resources, Inc., 534 So.2d 780 (Fla. 2d DCA 1988).
At trial, several physicians testified that Mr. McCloud was injured as a result of the accident and medical bills totaling $9,965.66 were introduced into evidence. Evidence was presented concerning lost wages and past and future pain and suffering. Mrs. McCloud's testimony concerning her loss of consortium claim was substantial, undisputed, and unrebutted.
Dr. Donald Sullivan, an orthopedic surgeon, examined Mr. McCloud more than two years after the accident and testified that in his opinion, Mr. McCloud did not sustain any permanent injury as a result of the accident. Although this evidence conflicted with other medical testimony, it was sufficient to support a finding that Mr. McCloud was not entitled to damages for future pain or suffering or future loss of income. It was not, however, sufficient to support a verdict for zero damages. Where there is conflicting evidence concerning damages and reasonable men could believe that the plaintiff sustained no damages, a zero verdict will be upheld. See Boeck v. Diem, 245 So.2d 687 (Fla. 2d DCA 1971). In this case, however, there was no credible evidence submitted to contradict the evidence that Mr. McCloud sustained injuries as a result of the incident, that he incurred reasonable and necessary medical bills as a result of those injuries,[1] and that he lost wages and suffered pain from them. The jury verdict was, accordingly, inadequate, and we must reverse for a new trial on the issue of Mr. McCloud's damages and Mrs. McCloud's consortium claim. Lofley v. Insultech, Inc., 527 So.2d 902 (Fla. 2d DCA 1988); Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Hector v. Florida Farm Bureau Mut. Ins. Co., 364 So.2d 1253 (Fla. 2d DCA 1978).
Reversed and remanded for a new trial on the issue of damages.
SCHEB and THREADGILL, JJ., concur.
NOTES
[1] The appellee in its answer brief states that "as a result of this fall on August 10, 1987, Mr. McCloud was examined and treated by a number of physicians."