658 So.2d 546 (1995)
Nadia BACH and Ronald Carter, Appellants,
v.
Alice Christine MURRAY, Appellee.
No. 93-2116.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Rehearing Denied September 6, 1995.
Spence, Payne, Masington, Needle & Leeds; and Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Eaton, Miami, for appellants.
*547 Clark, Sparkman, Robb, Nelson & Mason and Frances Fernandez Guasch and James K. Clark, Miami, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
GREEN, Judge.
This is an appeal from the denial of a motion for new trial in a personal injuries action on both the issue of damages and liability.
Appellants Nadia Bach and her husband Ronald Carter filed the action below against appellee Alice Murray. According to their amended complaint, Nadia Bach was injured while operating a motor scooter in a westbound direction at an intersection on Flagler Avenue, in Key West, when Alice Murray, who was operating her automobile in a southbound direction, failed to yield the right-of-way to Bach at a stop sign and collided into Bach. Carter asserted a derivative claim for loss of consortium. Murray answered the complaint with a general denial and asserted that Bach was comparatively negligent. The undisputed evidence at trial revealed that Bach was struck by the left front fender of Murray's automobile and was thrown across the hood of the car and onto the street. The undisputed evidence also revealed that as a result of the accident, Bach sustained a fracture of her nose and three toes and suffered multiple abrasions and contusions.[1] As a further result of the accident, Bach was hospitalized for five days and her medical bills totalled $63,477.87.[2]
The jury's verdict found both Murray and Bach to be equally at fault for the accident, apportioning liability at 50% for each party. The jury, however, awarded zero damages to both plaintiffs on all of their damage claims. The plaintiffs filed a motion for a new trial on all issues which was denied by the trial court. This appeal was thereafter timely filed.
As their first argument on appeal, plaintiffs claim that the denial of their motion for a new trial on all issues of damages for their undisputed claims was error. We agree.
Generally speaking, where there is conflicting evidence concerning damages and reasonable jurors could believe that the plaintiff sustained no damages, a zero verdict will be upheld. Steinbauer Assoc. Inc. v. Smith, 599 So.2d 746, 748 (Fla. 3d DCA), rev. denied, 606 So.2d 1166 (Fla. 1992); McCloud v. Sherman Mobile Concrete Co., 579 So.2d 773, 774 (Fla. 2d DCA 1991). Where in this case, however, there is undisputed evidence that Bach sustained some damages as a result of Murray's negligence, the law is well settled that the jury cannot reasonably return a verdict for zero damages and that Bach is entitled to a new trial. McCloud, 579 So.2d at 774; Molinari v. Florida Key Elec. Coop. Ass'n, 545 So.2d 322, 324 (Fla. 3d DCA 1989) (citing Hartsfield v. Orlando Regional Medical Ctr., Inc., 522 So.2d 66, 68 (Fla. 5th DCA 1988)); Short v. Ehrler, 510 So.2d 1110 (Fla. 4th DCA 1987); Vega v. Mahfuz, 367 So.2d 1107 (Fla. 3d DCA), cert. denied, 378 So.2d 346 (Fla. 1979); Worley v. Kirkland, 360 So.2d 447 (Fla. 1st DCA 1978); Perez v. American Mut. Liab. Ins. Co., 288 So.2d 541 (Fla. 2d DCA 1973); Hancock v. Smith, 248 So.2d 211 (Fla. 3d DCA 1971). This result is equally applicable to Carter's claim for loss of consortium. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); McCloud, 579 So.2d at 774; Klosters Rederi A/S v. Cowden, 447 So.2d 1017 (Fla. 3d DCA 1984); Shaw v. Peterson, 376 So.2d 433 (Fla. 1st DCA 1979); Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA), cert. denied, 374 So.2d 102 (Fla. 1979); Kinne v. Burgin, 311 So.2d 695 (Fla. 3d DCA 1975).
Based upon the undisputed evidence of Bach's fractured nose and toes, plus her abrasions and contusions, we find that no reasonable-minded juror could have declined to award at least nominal damages to her for such injuries. Further, we find that as a *548 result of Bach's hospitalization, albeit brief, no reasonable-minded juror could have denied Carter at least nominal damages for the loss of Bach's consortium during her hospitalization stay. We therefore conclude that a new trial on these undisputed damage claims is warranted.
The plaintiffs next seek a reversal of the trial court's order denying them a new trial on the issue of liability as well. Plaintiffs advance four arguments in support of their argument on this point, but we need only address one.
In support of the defendant's theory of comparative negligence, Murray's counsel persuaded the trial court over Bach's objection to instruct the jury that violation of section 316.185, Florida Statutes (1989) was evidence of negligence. Appellants contend that under the facts and circumstances of this case, this instruction was inapplicable and thus erroneous. Again, we agree.
Specifically, the objectionable instruction read in pertinent part as follows:
Violation of Florida Statute 316.185, which I shall read to you, is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that a person alleged to have been negligent violated such traffic regulation, you may consider that fact, together with the other facts and circumstances, in determining whether such person was negligent.
Chapter 316.185 of the Florida Statutes is entitled Special Hazards. The fact that the speed of a vehicle is lower than the prescribed limits shall not relieve the driver of the duty to reduce speed when approaching and crossing an intersection ... and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the street in compliance with legal requirements and the duty of all persons to use due care. (emphasis added)
Under the clear wording of this statute, Murray could only establish comparative negligence on the part of Bach if 1) Murray lawfully proceeded into the intersection and 2) Bach failed to decrease her speed to avoid a collision with Murray. Under the facts of this case, Murray clearly cannot meet the first requirement as she had the stop sign prior to entering the intersection and Bach had the right-of-way. Jury instructions must be supported by facts in evidence and it is reversible error to instruct a jury that violation of a law is evidence of negligence where the statute was inapplicable under the evidence and the improper instruction affected the jury's deliberations by misleading or confusing it. Eaton Constr. Co. v. Edwards, 617 So.2d 858, 860 (Fla. 5th DCA 1993). We conclude that the giving of this jury instruction was harmful and served only to mislead or confuse the jury as it permitted the jurors to apportion the blame equally between the parties for an accident where one party clearly had the right of way and the other did not. We must therefore reverse and remand for a new trial on the issue of liability as well.
Reversed and remanded for a new trial.
NOTES
[1] Bach made additional claims for damages which were heavily contested at trial. Bach readily concedes on appeal that since it was entirely permissible for the jury to reject such claims, they are not a proper subject of this appeal and will not be addressed herein.
[2] The parties stipulated that the jury would not be asked to make any finding on Bach's past medical expenses and that the trial court could add all past unreimbursed bills to any verdict returned by the jury.