WHATLEY, Judge.
Juergen Hedergott, plaintiff in an action for personal injuries, appeals a final judgment entered upon a jury verdict. He challenges a jury instruction regarding intersection duties, the assessment of attorney’s fees and costs pursuant to an offer of judgment, and the denial of his motion for additur. William Alfred Moon and Tomye L. Moon, defendants in the trial court, cross-appeal the denial of their motion to reduce the verdict by collateral source payments.
Hedergott was operating a motorcycle traveling northbound on four-lane U.S. Hwy. 17 in Wauchula. The Moons were traveling southbound on U.S. Hwy. 17 in their automobile. At the intersection of Oak Street, both vehicles had a green traffic signal. As the Moons turned left, Hedergott was in the right northbound lane and passed a vehicle in the left northbound lane. The Hedergott motorcycle struck the Moons’ vehicle in the intersection.
A mediation reached an impasse on April 13, 1995, and on the next day, the Moons made an offer of judgment “pursuant to § 44.102 and/or § 768.79, Fla. Stat .offering to pay Hedergott the total sum of $20,001. The offer stated it was “deemed rejected at the commencement of trial.” The trial began on April 19, 1995. The jury found Hedergott 50% negligent and the Moons 50% negligent. The jury verdict returned damages in the total amount of $14,-832.64, which was offset by the .finding of 50% comparative negligence.
*446 The first issue involves the trial court’s granting of the Moons’ request to give a jury instruction based on section 316.075(l)(a), Florida Statutes (1989). Over the objection of Hedergott, the trial court instructed the jury regarding section 316.075(l)(a) as follows: ‘Vehicular traffic facing a circular green signal may proceed cautiously straight through, or turn right or left. Vehicular traffic, including vehicles turning right or left, shall yield the right-of-way to other vehicles lawfully within the intersection at the time such signal is exhibited.”
Hedergott cites Bach v. Murray, 658 So.2d 546 (Fla. 3d DCA 1995), in arguing that this instruction was improper. We disagree. In Bach, a motorscooter was struck by an automobile that ran a stop sign, and there was no evidence of negligence by the plaintiff. Bach also involved section 316.185, Florida Statutes (1989), which concerns special hazards. In the instant case, there was a debatable issue as to what negligence, if any, was attributable to Hedergott. Therefore, the verdict finding Hedergott 50% negligent was supported by the manifest weight of the evidence, and the giving of a jury instruction on section 316.075(l)(a) was appropriate.
The second issue concerns the trial court’s granting of the Moons’ motion for taxation of costs and attorney’s fees pursuant to the aforementioned offer of judgment and corresponding denial of Hedergott’s motion to tax costs. As previously indicated, the Moons’ offer of judgment was made only five days before the commencement of trial. The Moons assert that while an offer under section 768.79, Florida Statutes (1989), allowed a party thirty days to accept the offer, no such time limitation appears in section 44.102, Florida Statutes (1993). Knealing v. Puleo, 675 So.2d 593 (Fla.1996), resolves this issue. In Knealing, an offer of judgment was served eleven days prior to trial, pursuant to section 44.102(6). In holding section 44.102(6) unconstitutional, the Florida Supreme Court stated, “Based on our conclusion that section 44.102(6) is unconstitutional, we hold that an offer of judgment made after an unsuccessful mediation must still comply with the time requirements of section 768.79 as incorporated into Florida Rule of Civil Procedure 1.442.” Id. at S264. Accordingly, the award of attorney’s fees and costs to the Moons is reversed and the matter remanded to grant Hedergott’s motion to tax costs, as the Moons’ offer was untimely and a verdict was entered in Hedergott’s favor.
The third issue is the denial of Hedergott’s motion for additur. We affirm the trial court on that issue without discussion.
The remaining issue is raised in the . Moons’ cross-appeal. The Moons contend the trial court erred in failing to reduce the verdict by collateral source payments to He-dergott in the amount of $1,832.64. We agree and reverse. The parties stipulated that the jury would not hear evidence of collateral sources and further agreed the amount of collateral source payments was $1,832.64. Post-verdict, the Moons’ motion to reduce the verdict was denied. Hedergott contends that section 627.7372, Florida Statutes (1989),[1] does not apply as it relates solely to the operation of a “motor vehicle.” Hedergott points out the definition of “motor vehicle” as “any self-propelled vehicle with four or more wheels.... ” § 627.7372, Fla. Stat. Hedergott was operating a motorcycle. However, Hedergott was injured pursuant to a collision with the Moons’ automobile. Accordingly, we conclude section 627.7372 is applicable to this case and, upon remand, direct the verdict to be reduced by the $1,832.64 collateral source amount. See White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993), review dismissed, 640 So.2d 1109 (Fla.1994); McKee v. City of Jacksonville, 395 So.2d 222 (Fla. 1st DCA), review denied, 407 So.2d 1104 (Fla.1981). Any other arguments of Hedergott on this issue are rejected.
Based on the foregoing, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
THREADGILL, C.J., and QUINCE, J., concur.

. Section 627.7372 was in effect at the time of the subject accident.