443 So.2d 251 (1983)
Jon T. TAYLOR and Progressive American Insurance Company, Appellants,
v.
Archie Marcus GANAS, Appellee.
No. AS-333.
District Court of Appeal of Florida, First District.
December 16, 1983.
Rehearing Denied January 18, 1984.
*252 John I. Todd, Jr., Jacksonville, for appellants.
Barbara LoCastro Parker of Williams, Shad & Parker, Jacksonville, for appellee.
MILLS, Judge.
Taylor and Progressive appeal the trial court's order granting Ganas a new trial in a negligence action. We affirm in part and reverse in part.
This is a personal injury case arising out of a rear-end collision which occurred on the Mathews Bridge in Jacksonville. There was evidence that Ganas' automobile was disabled and was stopped or was traveling well below the minimum speed limit when struck by Taylor's automobile from the rear. There was additional evidence that Ganas did not use his brake lights, turn signals or flashers so as to warn following traffic that he was stopped or moving very slowly. There was conflicting evidence as to whether Taylor was drunk. The jury found that Taylor was 25% negligent and that Ganas was 75% negligent. (Answer to questions 1, 3, and 4 of verdict.)
The medical and chiropractic evidence was conflicting as to whether Ganas sustained permanent injuries. The jury found that Ganas sustained a permanent injury. (Answer to question 2 of verdict.)
The evidence was conflicting as to whether Ganas lost wages and as to the amount of his chiropractic expenses, but Ganas and his chiropractor both testified that the amount of the chiropractic bills which remained unpaid was $361. There was uncontroverted evidence that Ganas had continuing pain.
The jury found that Ganas' total damages were $361. It found that Taylor's acts and actions did not warrant the imposition of punitive damages.
The trial court granted Ganas a new trial on liability and on compensatory and punitive damages because it concluded that the jury did not understand its instructions on compensatory damages. The trial court's order granting the new trial provided:
[T]he Court ... having concluded that the jury could not legally have answered question 1 in the affirmative and question 2 in the affirmative and set forth the percentages of negligence as to question 4 and then arrive at the amount of $361.00 as the total amount of compensatory damages in view of the fact that that amount was the unpaid balance of his past medical bills. Therefore, there is no other conclusion to draw except that the jury did not understand the instructions of the Court concerning the verdict. Accordingly, it is
ORDERED AND ADJUDGED:
1. The verdict entered on the 20th day of January, 1983, in this cause as to liability and damages is hereby set aside.
The order recited that because the jury found comparative negligence and permanent injury but also found Ganas' damages to be equal to the precise amount of *253 his unpaid medical bills, the jury must have misunderstood the instructions and a new trial would be granted. We agree and affirm the granting of a new trial, but only on the issue of compensatory damages.
The trial judge's order does not explain why a new trial was granted on liability and punitive damages. Because the order fails to state the reasons for granting a new trial on these issues with sufficient clarity to facilitate intelligent appellate review, it must be reversed as to these issues. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978).
Although "magic words" are not required, the reasons given for granting a new trial must be such as would support a finding that the verdict was against the manifest weight of the evidence or that the jury had been influenced by outside considerations. Wackenhut, supra. Here, the only thing that plainly appears from the order granting a new trial is that the judge felt the compensatory damage award was inadequate. Therefore, there is no reason why the issues of liability, comparative negligence, and punitive damages should be retried. Although a trial judge has broad discretion to grant or deny new trial, a judge may not substitute his view of the evidence for that of the jury. A new trial is not to be granted unless no reasonable jury could have reached the verdict rendered. Florida First National Bank of Jacksonville v. Dent, 404 So.2d 1123 (Fla. 1st DCA 1981); Griffis v. Hill, 230 So.2d 143 (Fla. 1969).
We affirm the granting of a new trial on the sole issue of compensatory damages and remand for that purpose. We reverse the granting of a new trial on the issues of liability, comparative negligence, and punitive damages and instruct the trial court to reinstate the verdict on these issues and enter judgment at the appropriate time.
WIGGINTON, J., concurs.
THOMPSON, J., concurs in part and dissents in part with written opinion.
THOMPSON, Judge, dissenting in part, and concurring in part.
I would award a new trial on both the issues of liability and damages. See 1661 Corporation v. Snyder, 267 So.2d 362 (Fla. 1st DCA 1972); Lawson v. Swirn, 258 So.2d 458 (Fla. 1st DCA), cert. denied, 263 So.2d 235 (Fla. 1972). I agree to the reinstatement of the verdict on the issue of punitive damages.