THOMPSON, Judge.
The Department of Transportation (DOT) appeals an order of the trial court which granted appellees a new trial as to damages after DOT refused to accept an addi-tur award. We reverse.
On October 1, 1983 a DOT bridgetender began raising his drawbridge while appel-lee Evelyn Brooks was crossing the bridge in her automobile. The car struck the gap in the opening bridge and Mrs. Brooks was slightly injured. In the ensuing action, DOT ultimately admitted liability and the case proceeded to trial on the issue of damages only. At the conclusion of the trial the jury awarded appellee the sum of $1500. The trial judge then granted appel-lee’s motion for additur which additur DOT refused to accept. The additur was in the amount of $2,000, which would have made the total verdict $3,500, had DOT accepted it.
Appellee is a retired music teacher who was 64 years old at the time of the accident. Following the accident she telephoned her husband, who came to the scene and then transported her to their home. Mrs. Brooks did not seek medical attention for several days thereafter, and did not seek treatment for her alleged orthopedic injuries for almost two weeks. Both the medical evidence and appellee’s admissions show that appellee had preexisting medical and orthopedic problems, but she nonetheless did adduce competent substantial evidence supporting her contention that some of her preexisting problems were exacerbated temporarily by the trauma resulting from the accident.
The medical bills placed in evidence to-talled over $2,000, and although DOT objected to the admission into evidence of certain of the bills on grounds that they reflected charges for treatment of non-accident related conditions, the trial judge admitted them all upon finding that the question whether they were relevant and accident related was for the jury. The bills which DOT contended were for treatment not necessitated by the accident totalled over $1,200.
Section 768.043, Fla.Stat., relating to re-mittitur and additur in actions arising out of the operation of motor vehicles, requires that the court consider a number of criteria *83 in determining whether remittitur or addi-tur is appropriate. In this case neither the order granting appellee’s motion for addi-tur nor the order granting new trial reflect any consideration by the trial court of the criteria set forth in the statute, and neither order states the basis for the decision to award the additur. Because the court gave no reasons for granting the motion for additur, and because the evidence concerning appellee’s damages was disputed, we cannot determine with any certainty the grounds upon which the motion was granted. Although we have been apprised of no authority expressly requiring that a trial court presented with a motion for remit-titur or additur specifically address each of the statutory criteria as a prerequisite for determining whether remittitur or additur should be granted, it is well settled that where the court determines to grant new trial:
[t]he reasons given for granting a new trial must be such as would support a finding that the verdict was against the manifest weight of the evidence or that the jury had been influenced by outside considerations.
Taylor v. Ganas, 443 So.2d 251 (Fla. 1st DCA 1983).
In addition, a review of the record discloses that the jurors were instructed that they could consider the reasonable value of medical care and treatment necessarily or reasonably obtained by appellee in the past or to be obtained in the future as a result of her accident and injuries. A general verdict in the amount of $1500 was returned. The jury could have reasonably believed that a good portion of appellee’s claimed medical expense was a result of preexisting conditions and was not caused by her accident and injury. There was competent substantial evidence to support the jury verdict and it was error to award an additur or in the alternative a new trial.
REVERSED.
SHIVERS and ZEHMER, JJ., concur.