527 So.2d 902 (1988)
Robert Glenn LOFLEY and Doris Lofley, His Wife, Appellants,
v.
INSULTECH, INC., a Florida Corporation, Appellee.
Nos. 87-865, 87-1187.
District Court of Appeal of Florida, Second District.
June 24, 1988.
Joel D. Eaton of Podhurst, Orsek, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, for appellants.
Gary W. Nicholson of Carson, Guemmer and Nicholson, Tampa, for appellee.
*903 SCHEB, Acting Chief Judge.
Glenn and Doris Lofley, plaintiffs below, appeal final judgments entered after a jury trial against defendant Insultech, Inc., awarding Glenn Lofley $16,814.24 and awarding Doris Lofley zero dollars on her derivative suit for loss of consortium and services. The Lofleys moved for a new trial on Mr. Lofley's personal injury damages and Mrs. Lofley's loss of consortium damages. The trial judge denied these motions in two separate orders which, for purposes of this appeal, we have consolidated. We affirm the judgment in favor of Mr. Lofley and the order denying his motion for a new trial. We reverse the judgment on Mrs. Lofley's derivative suit and remand for a new trial solely on the issue of her damages.
At trial, Mr. Lofley sought damages for personal injuries received when a power drill allegedly fell on his head while he was working as a pipefitter for Insultech at its building site. Although there were no witnesses who actually saw the drill hit Mr. Lofley and even he was not sure what had happened, an Insultech employee admitted he dropped the drill and that immediately afterwards he heard Mr. Lofley, working beneath him, exclaim, "Ow!"
There was conflicting evidence as to both the liability aspects of Mr. Lofley's claim and the extent of damages he sustained. Nevertheless, there is substantial, competent evidence to sustain the jury's verdict and it is, therefore, our duty to affirm. Griffis v. Hill, 230 So.2d 143 (Fla. 1970). Accordingly, we find no abuse of discretion on the part of the trial judge in denying Mr. Lofley's motion for a new trial.
We find merit, however, in Mrs. Lofley's contention that she is entitled to a new trial on her loss of consortium claim. Three cases from this court are analogous: Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988); Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980); and Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 102 (Fla. 1979). As we stated in Albritton, the test for granting a new trial to the spouse that was awarded "zero" damages is whether testimony establishing the substantial impact the accident had on the marital life of the couple is "substantial," "undisputed," and "unrebutted." In all three cases, we ordered a new trial because we considered the spouse's testimony substantial and unrebutted.
Therefore, the question is whether Mrs. Lofley's account of the Lofleys' drastically changed homelife as a result of the accident was contradicted. We find that essentially it was not. The evidence revealed that at the time of the accident the Lofleys had been married 25 years, and while not free from normal problems, the marriage had been a good, solid one with no prior separations. The Lofleys had enjoyed a "very healthy" sex life and produced two children. Mr. Lofley had been a capable provider of services to the household, an interested and involved father, and an attentive husband. Mrs. Lofley testified that before the accident Mr. Lofley was "great. He was my friend, lover, [and] husband."
Mrs. Lofley explained that the severe personality changes the accident caused in her husband made her "miserable," even to the point of considering suicide. After the accident, Mr. Lofley could no longer provide household services such as mowing the yard. It was undisputed that Mr. Lofley's personality change caused his formerly close relationship with his son to deteriorate and upset and alienated his daughter to the point that she moved out of the house. After the accident, the Lofleys were unable to have consummated sexual relations. The deteriorating home situation caused Mrs. Lofley to leave her husband five or six times and threaten divorce on several occasions. Mrs. Lofley testified that despite her misery, she still loved her husband and would stick by him.
The drastic decline in the quality of family life due to Mr. Lofley's injuries was corroborated by each family member (husband, wife, and son) who testified. Doctors' accounts of the family members' statements were consistent throughout the eighteen-month period between accident and trial. Further, there was expert testimony that such marital discord, divorce, and family problems are characteristic of the injury Mr. Lofley allegedly suffered as a result of the accident.
*904 To counter the evidence on behalf of Mrs. Lofley, Insultech elicited testimony from a clinical psychologist who was not Mr. Lofley's regular therapist and only briefly examined him for purposes of litigation. The clinical psychologist, Dr. Ball, testified that Mr. Lofley's mild, pre-existing personality disorder had caused emotional problems which he thought probably had affected his family life even before the accident. He opined that the stressful condition in the home was contributing to his poor progress in rehabilitation.
As we stated in Albritton, the spouse seeking consortium damages must present competent testimony concerning the impact which the accident had on the marital relationship. We believe Mrs. Lofley presented the competent testimony required.
To sustain the trial court's denial of Mrs. Lofley's motion for new trial, Insultech relies on a line of cases in which we approved a "zero" award for a consortium claim. We think its reliance is misplaced. These cases do not require a new trial if there is no evidence upon which a jury could have awarded the spouse derivitive damages or where there is evidence to support a finding that the spouse was not damaged. See, Tieche v. Panlener, 504 So.2d 49 (Fla. 2d DCA 1987); Hagens v. Hilston, 388 So.2d 1379 (Fla. 2d DCA 1980). Although Insultech presented some evidence in mitigation of Mrs. Lofley's loss of consortium, the main thrust of its case at trial concerned the impact the pre-existing seizure condition had on Mr. Lofley's personal injury damages. There is no evidence on which a reasonable jury could rationally conclude that Mrs. Lofley suffered no damage at all. Therefore, she is entitled to receive at least nominal damages. Albritton; see also, Butte v. Hughes.
Affirmed in part, reversed in part, and remanded for a new trial on Mrs. Lofley's claim for damages.
HALL and THREADGILL, JJ., concur.