551 So.2d 551 (1989)
Shirley M. SMITH and Raymond B. Smith, Appellants,
v.
Sandy D. HOUSTON and Waste Management, Inc., Appellees.
No. 89-00022.
District Court of Appeal of Florida, Second District.
September 29, 1989.
Rehearing Denied November 1, 1989.
M. Joseph Lieb, Jr., and Thomas F. Capshew of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellants.
J.B. Donnelly of Moffit, Hart & Herron, P.A., Tallahassee, for appellees.
PARKER, Judge.
Shirley and Raymond Smith, who were the plaintiffs in the trial court, appeal the amount of damages awarded to them in a personal injury suit and the trial court's denial of their motion for new trial. We affirm in part but reverse on the trial court's denial of a new trial on the consortium claim of Mr. Smith.
This case arose from an accident where a garbage truck owned by defendant Waste Management struck the plaintiffs' van which was being driven by Mrs. Smith. The defendants admitted liability, and the trial proceeded on the issue of damages. The jury awarded Mrs. Smith $20,000 for medical expenses, loss of earnings, and loss of services in the past. The jury returned a zero dollar verdict for past and future pain and suffering and zero dollars for Mr. Smith's derivative claim for past and future loss of consortium.
We affirm the denial of the motion for new trial on the issue of the verdict in favor of Mrs. Smith. Evidence concerning Mrs. Smith's medical history, along with conflicting expert medical opinion and challenges to Mrs. Smith's credibility, could have led the jury to reject claims for pain and suffering, future medical expenses, and loss of earning ability. The jury could have disbelieved the testimony or attributed these damages to Mrs. Smith's preexisting condition. This court must assume that the jury considered all elements of damages. See Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA), review denied, 529 So.2d 694 (Fla. 1988).
As to Mr. Smith, who is a paraplegic, on his claim for loss of consortium, testimony was offered from two of Mrs. Smith's friends and her two adult children. This testimony reflected that prior to the accident Mrs. Smith was responsible for her own housework, cooking, and yard care, and individually providing for her *552 husband's nursing, health care, and personal care on a full time basis. The witnesses testified that following the accident, Mrs. Smith had undergone a personality change, was cross, needed help with her housework and yardwork, failed to keep a clean house, and exhibited no patience with Mr. Smith.
In Lofley v. Insultech, Inc., 527 So.2d 902 (Fla. 2d DCA 1988), this court presented an overview of cases involving denial of a new trial on a loss of consortium claim. Lofley and the cases cited therein hold that where damages are awarded to the injured spouse and a loss of consortium claim is filed, the spouse claiming loss of consortium is entitled to at least nominal damages if there is substantial, unrebutted testimony that the accident has had a substantial impact on the couple's marital life. Evidence presented by Mr. and Mrs. Smith was substantially unrebutted and did establish a deteriorating home situation, as was observed in Lofley.
We affirm the denial of Mrs. Smith's motion for a new trial. We reverse the denial of Mr. Smith's motion for a new trial on his consortium claim and remand for a new trial on the count in the complaint alleging loss of consortium.
Affirmed in part, reversed in part, and remanded with directions.
SCHEB, A.C.J., and RYDER, J., concur.