557 So.2d 632 (1990)
Ana TARIN and Her Husband, Fernando Tarin, Appellants,
v.
CITY NATIONAL BANK OF MIAMI As Trustee under Land Trust 5392-1, Appellee.
No. 88-2988.
District Court of Appeal of Florida, Third District.
February 27, 1990.
Genden & Bach; Magill & Lewis and R. Fred Lewis, Miami, for appellants.
Marlow, Shofi, Connell, Valerius, Abrams, Lowe & Adler and William G. Liston, Miami, for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
This is an appeal by the plaintiffs Ana Tarin and her husband Fernando Tarin from a final judgment entered below upon a jury verdict finding (1) $30,000 in damages for the plaintiff Ana Tarin, (2) $5,000 *633 in damages for the plaintiff Fernando Tarin and (3) 90% comparative negligence on the part of plaintiff Ana Tarin. The suit below was a negligence action arising out of an automobile accident which occurred in a shopping mall owned by the defendant City National Bank of Miami. We affirm in part and reverse in part based on the following briefly stated legal analysis.
First, we conclude that the $30,000 damages found by the jury as to the plaintiff Ana Tarin was not supported by substantial competent evidence. This plaintiff, a 53-year-old woman, sustained a loss of past earnings of $15,000; incurred hospital and medical bills approaching $5,000; went through considerable pain and suffering as a result of the serious injuries she suffered in the accident, including a cervical spine fracture; was given a 15% permanent disability rating; and is no longer able to work at the job she held prior to the accident, resulting in a loss of $100,000 in future earnings at such job. The defendant offered no contrary medical evidence at trial, and, indeed, did not even contest the seriousness of Ana's injuries, including her 15% permanent disability; moreover, the defendant did not contest Ana's considerable pain and suffering, the loss of her past earnings, and her hospital and medical bills. The defendant merely contends that Ana's loss of future earnings was inflated because she was capable of working at some other job than the one she held at the time of the accident; no evidence, however, was adduced to establish that Ana could work at other jobs. Because Ana established $20,000 of uncontested special damages (loss of past earnings and hospital/medical bills), the jury award of $10,000 above and beyond this for pain and suffering, permanent disability, and loss of future earnings was grossly inadequate and unsupported by substantial competent evidence in this record; a new trial as to damages only is therefore required as to the plaintiff Ana Tarin. Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Avis Rent-A-Car Sys., Inc. v. Garmas, 440 So.2d 1311 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 848 (Fla. 1984); Equitable Life Assurance Soc'y v. Fairbanks, 400 So.2d 550 (Fla. 4th DCA 1981); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980), writ discharged, 401 So.2d 1322 (Fla. 1981); Rodriguez v. Allgreen Corp., 242 So.2d 741 (Fla. 4th DCA 1971).
Second, we conclude that the trial court did not commit reversible error in excluding from evidence at trial certain opinions reached by the investigating police officer as to right of way "illusions" allegedly created by the defendant's parking lot for the two vehicles involved in the subject accident. The officer was not properly qualified as an expert in traffic accident investigation and could not otherwise express lay opinions of this nature. The officer, who was a Metro-Dade police officer at the time of trial, testified during a deposition that he was employed as an officer of the Florida Highway Patrol at the time of the subject accident and had been so employed for six years prior thereto; that he did "trooper and homicide investigation" (T. 38) with no further description of what that entailed; that he attended the Florida Highway Patrol Academy for which he received a certificate representing forty-hours training in "traffic homicide" (T. 39) and forty-hours training of "I don't know if it was called accident investigation or something, I don't know, [i]t has been a few years since I have seen it," (T. 39), during which time a "Dr. Fogarty from the University of Miami" "went over things," (T. 39), in accident reconstruction with no further description of the training received; and that he "handl[ed] ... accidents out on the road," (T. 39-40), without specifying how many or over what length of time. This showing, we think was entirely too sketchy to qualify the officer as an expert in accident investigation or reconstruction so that he could render expert opinions as to whether the defendant's parking lot created the illusion that both vehicles in the subject accident had the right of way. Moreover, the opinions sought to be introduced fall within the expert field of traffic investigation and reconstruction  which the officer, as a lay witness, was not qualified to give. See Carver v. Orange County, *634 444 So.2d 452 (Fla. 5th DCA 1983); Krohne v. Orlando Farming Corp., 102 So.2d 399 (Fla. 2d DCA 1988); compare Zwinge v. Hettiger, 530 So.2d 318, 323-24 (Fla. 2d DCA 1988).
The final judgment under review is affirmed in all respects as to the plaintiff Fernando Tarin. The final judgment under review is affirmed as to the plaintiff Ana Tarin on the issues of liability and comparative negligence, but reversed and remanded for a new trial on the issue of damages only.
Affirmed in part; reversed in part.