PARKER, Judge.
Twila Powers, the plaintiff in the trial court, appeals a final judgment entered in her personal injury action on the basis that the award was inadequate as a matter of law. We reverse and find that the trial court erred in denying Powers’ motion for new trial on the issue of damages.
Powers alleged that she had sustained a permanent injury to her neck and back as a result of being struck by Donna Johnson’s automobile while Powers was riding a bicycle on October 15, 1986. Johnson denied negligence, asserted comparative negligence on the part of Powers, denied that the injuries met the threshold set forth in section 627.737(2), Florida Statutes (1985),[1] and further asserted collateral source reduction.
The matter proceeded to jury trial, and the jury found as follows: (1) that Johnson’s negligence was the legal cause of damage to Powers; (2) that Powers sustained a permanent injury as a result of the accident; (3) that Powers was negligent and that this negligence was also the legal cause of Powers’ damages; (4) that Johnson and Powers were each fifty percent negligent; and (5) that Powers sustained total damages in the amount of $8,123.25. That amount was the exact amount of medical expenses that Powers incurred and submitted into evidence.
The court entered a final judgment which reduced the jury’s award in proportion to the comparative negligence and further reduced the award by collateral sources paid on behalf of Johnson to Powers. Powers filed a motion for new trial on the issue of damages, contesting the adequacy of the jury verdict. The trial judge denied the motion.
Section 627.737, Florida Statutes (1985) requires that in order to recover damages for pain, suffering, mental anguish, and inconvenience, an injured person must prove that the injury is in whole or in part one of the following: (1) a significant and permanent loss of an important bodily function; (2) a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement; (3) a significant and permanent scarring or disfigurement; or (4) death. In this case, the jury specifically found that Powers suffered a permanent injury. Despite this finding, the jury awarded Powers only the exact amount of the medical expenses submitted into evidence. We find that the verdict is grossly inadequate.
This case is similar to Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988), where the jury returned a zero verdict for general damages. This court granted a new trial on the issue of general damages and stated:
In the instant case, the jury found that Mr. Butte suffered a permanent injury as a result of the accident. The jury compensated him for future medical expenses associated with that injury. The jury, however, returned a zero verdict for appellant’s general damages. The jury’s zero verdict for general damages was grossly inadequate and totally inconsistent with its finding of permanent in *369 jury and with its award of future medical expenses.
Butte, 521 So.2d at 281. See also Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984); Gonzalez v. Westinghouse Elec. Corp., 463 So.2d 1229 (Fla. 4th DCA 1985); Skelly v. Hartford Casualty Ins. Co., 445 So.2d 415 (Fla. 4th DCA 1984); Pichel v. Rosen, 214 So.2d 730 (Fla. 3d DCA 1968).
Johnson argues that the jury verdict should not be disturbed based upon this court’s holdings in Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA), review denied, 529 So.2d 694 (Fla.1988) and Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989). Both cases, however, are distinguishable. In Fitzgerald, this court stated:
Upon review of an order either granting or denying a new trial, based upon the amount of damages, an appellate court is bound to test the adequacy or inadequacy of a verdict, not by what the reviewing court would have decided had it tried the case, but rather whether it can be said that the jurors as reasonable men could not have reached the verdict they did....
... [I]f reasonable men can differ as to whether the verdict was against the manifest weight of the evidence, a trial court may not properly grant a motion for new trial.
... It cannot reasonably be said that the jury could not have reached the verdict it announced, based upon a record reflecting Molle-Teeters’ pre-existing co-genital or acquired back and leg conditions, her recurring back and neck problems as an outgrowth from two earlier accidents, substantial conflicting expert medical opinion concerning the cause of her continuing medical problems, and a one-time visit to a neurologist whose charges represented 25% of Molle-Teet-ers’ total medical expenses, and 23% of her total damages.
Fitzgerald, 520 So.2d at 648-49 (citations omitted).
In Smith, in affirming the denial of a motion for new trial, this court stated:
Evidence concerning Mrs. Smith’s medical history, along with conflicting expert medical opinion and challenges to Mrs. Smith’s credibility, could have led the jury to reject claims for pain and suffering, future medical expenses, and loss of earning ability. The jury could have disbelieved the testimony or attributed these damages to Mrs. Smith’s preexisting condition. This court must assume that the jury considered all elements of damages.
Smith, 551 So.2d at 551.
In the instant case, the evidence was uncontroverted that Powers experienced pain at the time of the accident and for a period of time after the accident. An eyewitness to the accident testified that Powers “seemed to be hurt badly enough that it was wise to not have anybody move her ... until the ambulance came.” A friend who saw Powers in the hospital shortly after the accident testified that there was blood all over the place. That same friend testified that she found Powers crying in the middle of the night because of the pain. Two chiropractors treated Powers from November 5, 1986, until June 14, 1988. Both of those doctors testified as to objective findings of pain. Additionally, a neurologist who examined Powers on December 23, 1986, testified as to objective findings of pain. Only the orthopedic surgeon who performed an independent medical examination on June 15,1988, found no objective evidence of pain at that time, which was twenty months after the accident. Finally, Powers testified regarding the pain she suffered as a result of the accident, and all of the physicians testified to Powers’ subjective complaints of pain.
Powers did have a preexisting condition, spina bifida. The neurologist unequivocally testified that Powers’ pain was from the accident and not from spina bifida. Powers’ counsel, on cross examination, asked the orthopedic surgeon in general whether spina bifida causes pain, and he answered, “Sometimes it can. Sometimes it can’t.” *370 The surgeon, however, never testified as to the spina bifida’s effect on Powers.
Finally, this is not a case where the reasonableness and necessity of the past medical expenses were seriously disputed, as in the case of DeLong v. Wickes Co., 545 So.2d 362 (Fla. 2d DCA 1989). The orthopedic surgeon only contested the necessity of future medical treatment and surgery.
The inescapable conclusion is that the jury awarded Powers her medical expenses which she had incurred and failed to award any damages for pain and suffering. Under the facts of this case, the verdict is grossly inadequate.
Thus, we affirm the jury’s finding of permanent injury[2] and its award of medical expenses. We, however, remand this case to the trial court for a new trial on the issue of general damages. See Butte.
CAMPBELL, C.J., and FRANK, J., concur.

. That subsection provides:
627.737 Tort exemption; limitation on right to damages; punitive damages.—
(2) In any action of tort brought against the owner, registrant, operator, or occupant of a motor vehicle with respect to which security has been provided as required by ss. 627.730-627.7405, or against any person or organization legally responsible for his acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle only in the event that the injury or disease consists in whole or in part of:
(a) Significant and permanent loss of an important bodily function.
(b) Permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.
(c) Significant and permanent scarring or disfigurement.
(d) Death.
§ 627.737, Fla.Stat. (1985).

. Whether Powers sustained a permanent injury was contested at trial. Appellee, however, did not file a cross appeal, challenging the jury’s finding that Powers did sustain a permanent injury as a result of the accident.