568 So.2d 983 (1990)
Ralph Earl FRYE and Carolyn A. Frye, Appellants,
v.
Fred SUTTLES and Gary Smith Ford, Inc., Appellees.
No. 89-01895.
District Court of Appeal of Florida, First District.
October 22, 1990.
*984 Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Kerrigan, Estess & Rankin, Pensacola, for appellants.
William A. Lewis of Sale, Smoak, Harrison, Sale, McCloy & Thompson, Panama City, for appellees.
BOOTH, Judge.
This cause is before us on appeal from an order denying appellants' motion for new trial. Appellants seek a new trial as to all issues, a new trial as to both of their damages, or a new trial as to Mrs. Frye's damages only. We remand for a new trial on the issue of Mrs. Frye's damages only.
On August 7, 1984, appellant Ralph Earl Frye was injured in a motor vehicle accident. He and his wife Carolyn, whose claim was purely derivative, sued appellee Fred Suttles for negligent operation of a motor vehicle, and appellee Gary Smith Ford, Inc. on the basis of vicarious liability. The jury returned a verdict assessing Mr. Frye's damages at $140,000 but awarding Mrs. Frye nothing on her consortium claim. The jury found appellee Suttles 60-percent negligent and appellant Frye 40-percent comparatively negligent. Appellants now argue that the verdict assessing damages is inadequate as a matter of law. Appellants further argue that retrial is required on all issues since the verdict represents a jury compromise on the issues of liability and damages.
Where liability is not unequivocally established, an inadequate damage award *985 may be the result of a jury compromise, requiring a new trial on all issues. Borges v. Jacobs, 483 So.2d 773, 775 (Fla. 3d DCA 1986); Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984); Duquette v. Hindman, 152 So.2d 789, 791 (Fla. 1st DCA 1963). However, a jury's finding of comparative negligence accompanied by a clearly inadequate damage award does not always require retrial on all issues. See, e.g., Tarin v. City National Bank of Miami, 557 So.2d 632, 633 (Fla. 3d DCA 1990) (verdict finding plaintiff 90-percent comparatively negligent and awarding clearly inadequate damages required retrial as to damages only); and Massey v. Netschke, 504 So.2d 1376, 1377 (Fla. 4th DCA 1987) (verdict finding plaintiffs a combined 75-percent comparatively negligent and awarding clearly inadequate damages required retrial as to damages only). In the instant case, our review of the record does not lead us to suspect that the jury was confused or reached a compromise on the issues of liability and damages.[1] We therefore decline to reverse this cause for retrial on all issues.
We turn next to the issue of whether the damage award to Mr. Frye is legally sufficient. The test for legal sufficiency of a jury verdict is whether a reasonable jury could have returned the verdict rendered. Taylor v. Ganas, 443 So.2d 251, 253 (Fla. 1st DCA 1983); Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1970). While the verdict assessing Mr. Frye's damages at $140,000 is far from generous, we do not think it so parsimonious that no reasonable jury could have returned it.
The parties stipulated that Mr. Frye had incurred medical expenses of $21,202 through the date of trial. The independent medical examiner testified without contradiction that Mr. Frye could expect to incur $28,000 to $29,000 in future medical expenses. Thus, Mr. Frye was entitled to a verdict assessing damages for his medical expenses of at least $49,202.
The evidence of Mr. Frye's economic damages was less conclusive. An economist valued Mr. Frye's lost earnings at $53,892 and his lost earning capacity at $155,268. In formulating his opinions and in calculating these figures, the economist testified that he relied upon certain assumptions. He assumed that Mr. Frye had not worked at all from the time of the accident forward. Mrs. Frye, however, testified that her husband had worked one-fourth of the time between the accident and trial. The economist also assumed that Mr. Frye would continue in his present position with certain increases in pay through retirement. In fact, Mr. Frye did not have a history of continuous employment but had consistently earned the minimum wage when he had worked. Mr. Frye had begun his last employment several weeks before the accident.
This evidence is sufficiently inconsistent with the economist's assumptions to have allowed the jury to wholly or partially reject the economist's opinions. A jury has the right to reject opinion testimony when its factual basis is proven unsound. Behm v. Division of Administration, State Department of Transportation, 292 So.2d 437, 441 (Fla. 4th DCA 1974), approved, 336 So.2d 579 (Fla. 1976); Shaw v. Puleo, 159 So.2d 641, 644 (Fla. 1964).
As to Mr. Frye's damages for pain and suffering as a result of the injury to his back, we cannot second guess the jury's measurement of what is inherently immeasurable. Since it cannot be said that no reasonable jury could possibly have returned a verdict assessing Mr. Frye's damages at $140,000, we affirm that portion of the order below denying a new trial on the issue of Mr. Frye's damages.
Finally, we consider whether a reasonable jury could have assessed Mrs. Frye's damages at zero. At trial, Mrs. Frye testified without contradiction that because of the accident, she has had to assume a greater degree of responsibility for raising *986 the Frye's three minor children. From time to time, she must also assist Mr. Frye in his day-to-day care. She can no longer work during the daytime, and now works from 3:00 to 11:00 p.m. so that she can spend the daytime performing household tasks. She is no longer able to enjoy the company of Mr. Frye in those leisure activities which they both enjoyed prior to the accident. Finally, she has had to assume a greater degree of responsibility for household tasks since Mr. Frye is no longer able to perform these services.
Where damages are awarded to an injured spouse and a loss of consortium claim is filed, the spouse claiming loss of consortium is entitled to at least nominal damages if there is substantial, unrebutted testimony that the accident has had a substantial impact on the couple's marital life. Smith v. Houston, 551 So.2d 551, 552 (Fla. 2d DCA 1989); Lofley v. Insultech, Inc., 527 So.2d 902, 904 (Fla. 2d DCA 1988). We therefore have little difficulty concluding that Mrs. Frye was entitled to at least nominal damages on her consortium claim.
Appellees, however, cite Cowart v. Kendall United Methodist Church, 476 So.2d 289, 292 (Fla. 3d DCA 1985), to support their argument that because the Fryes emphasized Mr. Frye's damages in their closing argument, the jury included her consortium damages in its award to Mr. Frye. In Cowart, the plaintiff's trial counsel emphasized the direct claim and gave little emphasis to the derivative claim in his closing argument. The jury returned a verdict of $400,000, awarding damages on the direct claim only, which the Third District Court of Appeal characterized as "ample." The Cowarts appealed and sought a new trial on the derivative claim only. During oral argument, the Cowarts' counsel forthrightly stated that he preferred affirmance to a new trial as to both damage claims. Based upon these circumstances, the Third District Court of Appeal had a "founded suspicion" that the jury included the consortium damages in its award to the injured spouse.
This case differs from Cowart in a number of respects, notably, that the verdict here cannot be characterized as so "ample" as to lead one to believe that the jury intended the single sum awarded to include Mrs. Frye's consortium claim as well as that of her husband.
The order denying appellants' motion for new trial is therefore affirmed in part and reversed in part. We remand this cause for a new trial on the issue of Mrs. Frye's consortium damages only.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] We are aware that during the course of its deliberations, the jury requested instruction as to whether it should reduce its damage award by the percentage of Mr. Frye's negligence. In response, however, the trial court referred the jury to the second page of the verdict form, which clearly instructed the jury to make no such reduction.