588 So.2d 64 (1991)
A. HARRISON, a minor child, and L. Harrison, her natural mother and guardian, Appellants,
v.
HOUSING RESOURCES MANAGEMENT, INC., a D.C. corporation, registered to do business in Florida, Appellee.
No. 90-2724.
District Court of Appeal of Florida, First District.
October 31, 1991.
*65 Jay Howell of Anderson & Howell, Jacksonville Beach, for appellants.
David K. Etheridge of Saalfield, Catlin, Coulson & Etheridge, P.A., Jacksonville, for appellee.
ALLEN, Judge.
In this premises liability case, the appellants, L. Harrison and A. Harrison, challenge the trial court's denial of their motion for new trial. The appellants claim that they are entitled to a new trial on damages because the jury's verdict was inadequate and they argue alternatively, that the court committed reversible error in the jury selection *66 process and in several of its evidentiary rulings. We agree that a new trial is warranted and address herein those issues which are apt to arise upon retrial.
L. Harrison is the 39 year old single mother of 16 year old A. Harrison. In August of 1988, the appellants moved into a 160 unit apartment complex managed by the appellee, Housing Resources Management, Inc. In the early morning hours of August 27, 1988, L. Harrison was threatened with a knife, tied to her bed and sexually assaulted by an unknown assailant. A. Harrison heard her mother's cries, found her in hysterics after the attack and summoned the police. Thereafter, the appellants sued the appellee, alleging that the management company breached its duty to use reasonable care for the safety of the tenants when it, inter alia, failed to warn the appellants of previous criminal activity on the premises, failed to make necessary provisions for locks and keys and failed to implement reasonable security measures. The appellants argued that the appellee's negligence proximately caused the attack upon L. Harrison which precipitated their injuries. The appellee denied that it was negligent in any respect and contended that L. Harrison was negligent for failing to install her own lock on her door after a previous unforced entry into her apartment.
After a week long trial, the jury returned a verdict finding that the appellee was 75 percent negligent and L. Harrison was 25 percent comparatively negligent. The jury awarded L. Harrison past medical expenses of $720 and future medical expenses of $6,900 for a two year period. A. Harrison was awarded past medical expenses of $640 and future medical expenses of $5,200 for a two year period. The jury's award for past medical expenses corresponded to the amounts stipulated by the parties to be correct. L. Harrison received no damages for lost earning capacity and neither of the appellants received any damages for past or future pain and suffering.
The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable persons could have returned the verdict in question. In conducting this analysis, a reviewing court must resist the temptation to substitute its verdict for that of the jury, and it must acknowledge the deference which should be shown to the trial judge who, like the jury, heard all of the evidence. Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969); Taylor v. Ganas, 443 So.2d 251, 253 (Fla. 1st DCA 1983); Miller v. James, 187 So.2d 901, 902 (Fla. 2d DCA 1966). Absent a showing that the verdict was induced by prejudice or passion, a misconception of the law or the evidence, or a failure by the jury to consider all of the elements of damage involved, an appellate court should assume that the jury considered all elements of damage. City of Miami v. Smith, 165 So.2d 748, 750 (Fla. 1964).
In light of the substantial and unrebutted testimony of the counselors who treated L. Harrison and her daughter after the attack, we conclude that the jury could not reasonably have returned a verdict which included no compensation for the appellants' pain and suffering. Notably, psychologist Patricia Boger testified that L. Harrison was suffering from extreme anxiety and depression, an exaggerated startle response, intrusive thoughts about the incident, nightmares, social withdrawal and difficulty concentrating. These problems were accompanied by tension headaches, stomach distress and asthma attacks. Boger opined that L. Harrison had textbook symptoms of post-traumatic stress disorder and though her condition is expected to improve over the years, it is permanent in nature. Social worker Julie Flemmer gave similar testimony about A. Harrison and she detailed the girl's anxiety, dizziness, heart palpitations and difficulty concentrating.
The jury's award of damages for the appellants' medical expenses demonstrates its acceptance of the appellants' psychological injuries, for their past medical expenses were incurred for psychological services and their claim for future care was based upon their anticipated need for more of those services. In our view, the jury's acceptance of the appellants' psychological *67 injuries is wholly inconsistent with its finding that they endured no compensable pain and suffering. See Weaver v. Wilson, 532 So.2d 67, 69 (Fla. 1st DCA 1988). We note that this is not a case where it appears that the jury included a pain and suffering award in some other element of damage, cf. Cowart v. Kendall United Methodist Church, 476 So.2d 289, 292 (Fla. 3d DCA 1985), nor is it one in which the jury could reasonably have found that the appellants' injuries were not causally related to the attack upon L. Harrison. See Thornburg v. Pursell, 446 So.2d 713, 714 (Fla. 2d DCA 1984); and compare, Anderson v. Chirogianis, 384 So.2d 1289, 1290 (Fla. 5th DCA 1980), writ discharged, 401 So.2d 1322 (Fla. 1981).
It does not follow, however, that the appellants are entitled to a new trial on damages only. Where the defendant's liability is not unequivocally established, or it appears that the inadequate verdict may be the result of a jury compromise on the liability issue, a new trial on all issues is required. Frye v. Suttles, 568 So.2d 983, 984-85 (Fla. 1st DCA 1990); Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984). In this case, though the evidence of the appellee's negligence was substantial, there was much dispute about the extent to which the appellee's negligence caused the attack upon L. Harrison which resulted in the appellants' injuries. Accordingly, we remand for a new trial on liability and damages.
In light of our ruling that a new trial on all issues is warranted, we note our agreement with the appellants' position that the trial court erred when it excluded from evidence the police incident reports revealing the crimes that occurred on the premises in the two years prior to the attack upon L. Harrison. Evidence of prior crimes in the vicinity is relevant in a premises liability case. Czerwinski v. Sunrise Point Condominium, 540 So.2d 199, 201 (Fla. 3d DCA 1989). Police records of prior crimes were found to be properly admitted in Federated Dept. Stores, Inc. v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984), and Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 331 (Fla. 4th DCA 1991). See also, Paterson v. Deeb, 472 So.2d 1210, 1218 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986), in which this court observed, "Unquestionably, allegations that prior criminal acts had occurred in the vicinity is pertinent to determining foreseeability, and police records of reported crimes in the geographical area are usually competent evidence on this issue." The appellee's hearsay objection to the police reports was not well-founded since the reports were not offered to prove the truth of the matters contained therein and thus, they were not hearsay as defined in section 90.801(1)(c), Florida Statutes. Moreover, we see little danger that admission of the reports would unduly prolong the trial.
We note the appellants' assertion that the trial court erred in excluding from evidence the criminal record of one of the appellee's employees and the police incident report giving rise to that record. In light of the appellants' admission that the employee was in no way suspected of being L. Harrison's assailant, we find no error in that ruling.
Accordingly, the order denying the appellants' motion for new trial is reversed and this case is remanded for a new trial on all issues.
JOANOS, C.J., and BOOTH, J., concur.