637 So.2d 331 (1994)
Douglas J. EEN, Appellant/Cross-Appellee,
v.
Everett S. RICE, Sheriff, Pinellas County, Appellee/Cross-Appellant.
No. 93-02716.
District Court of Appeal of Florida, Second District.
May 25, 1994.
*332 Ronald W. Fraley of Fraley & Fraley, P.A., Tampa, for appellant/cross-appellee.
Howard M. Bernstein, Sr. Asst. County Atty., Clearwater, for appellee/cross-appellant.
PER CURIAM.
The appellant, Douglas J. Een, challenges the trial court's final order denying his motion for additur or, alternatively, for new trial on damages. The appellee, Everett S. Rice, Sheriff, Pinellas County, cross-appeals several of the trial court's evidentiary rulings. We agree that the trial court erred in denying the appellant's motion for new trial and, accordingly, reverse and remand for a new trial on both the issues of liability and damages. Since we are reversing for a new trial, it is not necessary to address the points raised in the appellee's cross-appeal.
The appellant alleged that he sustained permanent injuries as a result of the appellee's failure to follow proper police procedures when taking him into custody. The matter proceeded to a jury trial and the jury found the appellant sixty per cent negligent and the appellee forty per cent negligent. The jury awarded the appellant $20,609.02 for medical expenses and returned a zero dollar verdict for past and future pain and suffering, disability, physical impairment, disfigurement, inconvenience, or loss of capacity for the enjoyment of life.
The appellant filed a motion for additur or, alternatively, for new trial on damages, contesting the adequacy of the jury verdict. The trial court denied the motion and the appellant filed a timely notice of appeal.
The appellant contends that the trial court erred in denying his motion for additur or, alternatively, for new trial on damages, since the jury awarded him medical expenses but awarded him nothing for his pain and suffering. We agree with the appellant that the *333 trial court erred in denying his motion for new trial.
Upon review of an order denying a new trial based upon the amount of damages, an appellate court is bound to test the adequacy or inadequacy of a verdict, not by what the reviewing court would have decided had it tried the case, but rather whether it can be said that the jurors as reasonable men could not have reached the verdict they did. Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA), rev. denied, 529 So.2d 694 (Fla. 1988).
In the instant case, we note that this is not a situation where there is conflicting evidence as to whether the damages were caused by the incident or a preexisting condition. See Fitzgerald. The evidence was uncontroverted that the appellant experienced pain from the time of the incident up until the time of the trial. The appellant testified regarding the pain he suffered to his neck, back, and shoulder. The appellant also testified that he had difficulty in speaking, swallowing, and eating, and that he constantly suffered migraine headaches. The appellant's physician testified that the appellant's complaints were consistent with the injuries he sustained as a result of the incident.
The jury's award of damages for the appellant's medical expenses demonstrates its acceptance of the appellant's physical injuries which, in our view, mandates some type of an award for pain and suffering. See Harrison v. Housing Resources Mgt., Inc., 588 So.2d 64 (Fla. 1st DCA 1991). See also Watson v. Builders Square, Inc., 563 So.2d 721 (Fla. 4th DCA 1990). Accordingly, the trial court erred by failing to grant a new trial on the issue of damages.
Furthermore, to grant a new trial on the damages issue alone, defendant's liability must be unequivocally established and not a matter of substantial dispute at trial and the inadequacy of the verdict must be the result of a misconception of the law or the failure of the jury to consider all of the elements of damages submitted, and not the result of a jury compromise on the liability issue. Williams v. Ragsdale, 500 So.2d 314 (Fla. 2d DCA 1986), rev. denied, 506 So.2d 1042 (Fla. 1987). Since the issue of liability in this case was hotly contested, as shown by the jury's verdict finding the appellant sixty per cent negligent and the appellee forty per cent negligent, the new trial should be granted as to the issue of liability as well as damages. Accordingly, we reverse and remand for a new trial as to the issues of liability and damages.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and PARKER and ALTENBERND, JJ., concur.