700 So.2d 1229 (1997)
OCHLOCKONEE BANKS RESTAURANT, INCORPORATED, A Florida Corporation, Appellant,
v.
Rita COLVIN, Appellee.
No. 96-3596.
District Court of Appeal of Florida, First District.
June 25, 1997.
Eric G. Belsky and Arthur J. LaPlante of Hinshaw & Culbertson, Miami, for appellant.
William D. Hall, Jr., Tallahassee, for appellee.
WOLF, Judge.
Ochlockonee Banks Restaurant, defendant in the trial court, asserts that the trial court erred in (1) denying the defendant's motion for directed verdict on the question of liability, and (2) granting appellee's (Rita Colvin) motion for new trial solely on the issue of noneconomic damages. We find no error as to the first issue, but determine that a new trial is required as to both liability and damages.
Appellee, Rita Colvin, was injured in a slip-and-fall accident which occurred at 2:30 a.m. on October 12, 1992, at the Riverfront Saloon, a restaurant owned by Ochlockonee Banks Restaurant, Inc., appellant. While she was country and western dancing, spinning and twirling around the dance floor, appellee slipped and fell, breaking her ankle as well as sustaining other injuries.
Several witnesses testified as to the events surrounding the accident, including Ms. Colvin's dance partner, Otha Reddick, and others who were dancing on the dance floor at the time or were watching the dancers at the time. The testimony of witnesses ranged from testimony which indicated that Ms. Colvin may have slipped in a "very large damp spot" about two feet square, to an indication that Ms. Colvin may have "tripped over her own two feet." The plaintiff denied tripping over her own feet, but admitted that she had not seen any wet spot on the floor prior to the accident, and that, as other witnesses *1230 also testified, she did not know where the liquid had come from or how long it had existed.
The key testimony came from a witness, Ray Carlton, who testified that he saw the plaintiff slip and fall in liquid that appeared to come from a beer bottle that had been knocked from the railing immediately surrounding the dance floor. Mr. Carlton, however, did not see the bottle drop or know how long the liquid had been there.
There was also testimony as to the policy of the Riverfront Saloon that no drinks were to be taken on the dance floor, and that the policy was strictly enforced. There was testimony that the management had people monitoring the floor to make sure dancers did not come to the floor with drinks, that the dance floor was not slippery, and that there had been no previous problems of accidents of this nature on the dance floor. One of the restaurant employees testified that there were occasional spills at the Riverfront Saloon, but these were usually immediately taken care of either by the security personnel or other restaurant personnel, and that the procedure was routinely to mop or towel up spills immediately. The restaurant did, however, let people sit at the railing and drink as well as leave their drinks unattended on the railing while they were on the dance floor. The jury also heard the deposition testimony of plaintiff's treating physician.
The appellee/defendant moved for a directed verdict at the close of the plaintiff's case, which was denied. At the close of all evidence, the defendant renewed its motion for directed verdict. The trial court reserved ruling on the motion, stating that it would be taken up again after trial if that was necessary. The case was submitted to the jury.
The jury ultimately returned a verdict finding the defendant 100 percent liable for the plaintiff's injury and the plaintiff zero percent comparatively negligent. The jury awarded the plaintiff $25,133.16 for past medical expenses, which was the exact amount of the medical bills which had been admitted into evidence. The plaintiff was awarded nothing for her claims of pain and suffering, disability, physical impairment, mental anguish, inconvenience or loss of the capacity to enjoy life.
Following trial, the plaintiff moved for a new trial on the issues of past and future noneconomic damages alone, arguing that the verdict's award of zero damages was inadequate as a matter of law. The defense moved for a judgment notwithstanding the verdict and for a new trial, arguing that the verdict was contrary to the manifest weight of the evidence and that the jury had compromised its verdict and rendered a decision based upon sympathy, bias and prejudice. The court denied both of the defendant's posttrial motions, but granted plaintiff's motion for new trial on the issues of past and future noneconomic damages alone. The trial court's order on the posttrial motions is being appealed here.
Were this a case where liability was based solely on constructive notice of an unknown liquid on the dance floor, appellant's argument concerning an inappropriate finding of liability would be persuasive. See Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213, 214-215 (Fla. 5th DCA 1989); Skipper v. Barnes Supermarket, 573 So.2d 411, 413 (Fla. 1st DCA 1991). There was no evidence which would indicate how long the liquid was allegedly on the floor and little or no testimony concerning the frequency of spills. There was, however, testimony concerning the fact that there was liquid on the floor (although this issue was disputed) and that the liquid appeared to come from an overturned beer bottle. Under these circumstances, the jury could have determined that appellant's negligence consisted of allowing a dangerous condition to exist by allowing people to place their drinks on the railing immediately adjacent to the dance floor. The trial court, therefore, properly denied the defendant's motion for a directed verdict on the issue of liability.
We also agree with the trial court that the "non-economic damages verdict of zero dollars was clearly inadequate and legally insufficient in light of plaintiff's substantial unrebutted evidence of injury caused by the incident in question." We do, however, find that the trial court erred in granting a new *1231 trial solely on the issue of noneconomic damages where it appears that the inadequate verdict may be a result of a jury compromise on the liability issue. See Harrison v. Housing Resources Management, Inc., 588 So.2d 64, 66-67 (Fla. 1st DCA 1991).
In Frye v. Suttles, 568 So.2d 983, 985 (Fla. 1st DCA 1990), this court determined that a new trial on all issues is not always mandated in all cases where there is a jury finding of comparative negligence coupled with inadequate damages. The court in Frye stated that a new trial on the issue of damages only could be ordered where the court was not convinced by a review of the record that the jury was confused on the issue of liability and damages. In Harrison, however, the court determined that when liability is not unequivocally established and there is clear and unrefutable evidence of pain and suffering, a new trial is required on all issues if the jury returns a verdict covering medical expenses only. In Harrison, the court focused on the disputed evidence concerning causation in determining that liability was not unequivocally established. See also Gross v. Lee, 453 So.2d 495 (Fla. 1st DCA 1984).
We determine that the instant case is controlled by the Harrison decision. While there is no finding of comparative negligence in the instant case, we do not find that issue to be dispositive concerning whether liability was unequivocally established. Our review of the record, unlike the review in the Frye case, demonstrates serious disputes concerning negligence (adequacy of measures taken by appellee to prevent slips on the dance floor) and causation (disputed testimony concerning whether there was liquid on the dance floor, what the liquid was, how long it had been there, and whether the liquid was what caused plaintiff to fall). There is also no serious dispute that the damages were totally inadequate. We find a clear showing that the inadequate verdict was based on a jury compromise; therefore, a new trial on all issues is required. The case is reversed and remanded for a new trial.
BOOTH and JOANOS, JJ., concur.