874 So.2d 21 (2004)
Thomas E. SCOTT, Appellant,
v.
Steven SIMS and Donna Sims, Appellees.
No. 1D03-1346.
District Court of Appeal of Florida, First District.
April 28, 2004.
Rehearing Denied June 8, 2004.
Brian C. Keri, Tallahassee, for Appellant.
Brent F. Bradley of Kinsey, Troxel, Johnson & Walborsky, P.A., Pensacola, for Appellees.
ERVIN, J.
This is an appeal from an order granting appellees' motion for new trial. Appellant argues the lower court erred in granting new trial on the issues of liability and all elements of damages. We affirm as to both issues raised on appeal.
Appellee Steven Sims was injured in a vehicular accident involving appellant Thomas Scott. Sims and his spouse, whose claim was derivative, brought an action against Scott for negligent operation of his motor vehicle. The court directed a verdict in plaintiffs' favor, ruling that Sims had suffered a permanent injury which was legally caused by defendant's negligence. The jury returned a verdict, finding the defendant 55 percent negligent, and plaintiff 45 percent negligent. Specific damages were awarded for past and future medical expenses, past and future lost wages, and future pain and suffering, but nothing was returned for past noneconomic damages, or for Donna Sims' loss of consortium. Before the jury was dismissed, *22 Sims pointed out the inconsistencies in the jury's verdict and requested that the jury reconsider the non-awarded claims. The court declined and discharged the jurors. Thereafter, as stated, the trial court granted plaintiffs' motion for new trial as to all issues, including those for which damages were awarded.
The parties correctly recognize that a trial court's grant of a motion for new trial is measured by the abuse of discretion standard. They also recognize that a stronger showing of an abuse of discretion is required to reverse an order granting a motion for new trial than for one denying new trial. See Poindexter v. Seaboard Air Line R. Co., 56 So.2d 905 (Fla.1951), overruled in part on other grounds, Loftin v. Nolin, 86 So.2d 161 (Fla.1956). Appellant argues that new trial should have been accorded only as to the items of damage the jury refused to award, and that the court's order directing retrial on all issues was an abuse of discretion. In support of his argument, Scott cites this court's opinion in Frye v. Suttles, 568 So.2d 983, 985 (Fla. 1st DCA 1990), wherein it was stated, in remanding the case for new trial on only one damage issue, "a jury's finding of comparative negligence accompanied by a clearly inadequate damage award does not always require retrial on all issues." Nevertheless, Frye further observed that if liability is not clearly established, "an inadequate damage award may be the result of a jury compromise, requiring a new trial on all issues." Id. at 984-85. As discussed below, it is impossible to ascertain from this record whether the trial court abused its discretion in making an implicit finding that the verdict could have been the product of compromise or confusion. Moreover, the facts in Frye are clearly distinguishable from those at bar. The court below granted the motion for new trial as to all issues, whereas in Frye the trial court issued a blanket denial, and this court reversed the order only as to the consortium claim, for which the jury had awarded no damages. Additionally, the issue of the jury's inconsistency in awarding damages as to certain items of damages and denying them as to others was clearly brought to the court's attention before the jury was discharged in the instant case, unlike the facts in Frye.
Initially, we note that courts have generally recognized that before new trial should be allowed on damages alone, a defendant's liability must be unequivocally established and not substantially disputed at trial; nor can it be the result of the jury's compromise on the liability issue, whereby the jury interweaves issues of liability and damages inconsistently, thereby implying a compromise on liability or confusion on the law of damages. See, e.g., Een v. Rice, 637 So.2d 331 (Fla. 2d DCA 1994); Lindenfield v. Dorazio by Dorazio, 606 So.2d 1255 (Fla. 4th DCA 1992); Smith v. Turner, 585 So.2d 395 (Fla. 5th DCA 1991); Rivera v. Aldrich, 538 So.2d 1390 (Fla. 3d DCA 1989).
Although Scott admitted negligence in both his answer and his opening statement, and the trial court itself initialed that portion of the verdict form stating that the negligence of Scott, which was admitted, was a legal cause of damage to Steven Sims, we cannot disagree with the trial court's assessment that "liability was hotly contested" and "not unequivocally established." During trial, a defense expert witness, qualified in the area of accident reconstruction, opined, based upon the physical evidence he examined at the accident scene, that plaintiff was traveling in excess of the posted speed limit, and that if he had braked his vehicle properly, he should have been able to avoid the accident, despite the defendant's disregard of a stop sign at the intersection. Such evidence was clearly designed to suggest to the jury that Steven Sims' negligence *23 was itself the substantial cause of the accident and his resulting injuries.[1]
We cannot presume from this record that the trial court's evaluation of the evidence presented during the course of a lengthy trial represents an abuse of discretion. Indeed, the jury's apportionment of fault, by a ratio of 55-45 percent, may have been strongly influenced by the expert's testimony. Compare the facts in Een, 637 So.2d at 333, wherein the jury returned a verdict for plaintiff as to medical expenses only, while refusing him non-economic damages. In reversing the order denying new trial, the Second District concluded that the issue of liability was hotly contested by reason of the verdict finding plaintiff 60 percent negligent and defendant 40 percent negligent, and it remanded the case for new trial on both liability and damages.
Entirely independent of the question whether liability is a substantially contested issue before the jury, Florida jurisprudence recognizes an alternative basis for the direction of new trial as to all issues under circumstances where a timely objection is raised to a verdict's inconsistency, the objection is denied, and the jury is then discharged. The order granting the motion for new trial below correctly noted plaintiff's objection to the verdict on the ground of inconsistency, and cited Berez v. Treadway, 599 So.2d 1028 (Fla. 4th DCA 1992). In Berez, the jury awarded plaintiffs certain items of damages, but denied them others. After the jurors were dismissed, plaintiffs moved for mistrial as a result of an internally inconsistent verdict; mistrial was denied, and plaintiffs subsequently filed a motion for new trial, which was denied. On appeal, the Fourth District reversed and remanded the case for retrial on all issues, holding that "once the jury was discharged the error could not be corrected by recalling the jury." Id. at 1029. Although not confronted with the question of a verdict's inconsistency, this court has similarly ruled that after a jury has been discharged and separated, it cannot later be recalled to alter or amend its verdict. See U.S. Fid. & Guar. v. Gulf Fla. Dev. Corp., 365 So.2d 748 (Fla. 1st DCA 1978).
We adopt the reasoning of Berez. In the case at bar, immediately after the rendition of the verdict, Sims objected to the verdict's internal inconsistency, yet the court denied the objection and dismissed the jury. Sims renewed the objection in the motion for new trial of all issues. A verdict that is both inconsistent and inadequate can be raised by a motion for new trial, even in the absence of an objection to the verdict's form. See Howard v. Perez, 707 So.2d 845, 847 (Fla. 2d DCA 1998).[2]
In ordering a new trial, the court below found that the verdict was both inconsistent and inadequate. Because we are not prepared to say that reasonable persons could not differ as to the propriety of the action taken by the lower court, the order is
AFFIRMED.
BOOTH, J., and SMITH, Senior Judge, concur.
NOTES
[1] In fact, Scott's counsel argued before the jury that the evidence showed "at least an equal share of fault in this accident between both parties."
[2] We note a division of authority among the courts as to whether an objection only to an inconsistent verdict can be raised for the first time by a motion for new trial. See Simpson v. Stone, 662 So.2d 959 (Fla. 5th DCA 1995), and cases cited therein. We need not enter this fray because, as previously observed, the objection by Sims was timely made.