BILBREY,, J„
concurring in part and dissenting in part.
I join in the majority’s decision affirming the trial court’s grant of a new trial on. non-economic damages, Specifically, I agree with and join sections I.,1 II„ and II.A. of the opinion. I respectfully dissent from the decision to reverse the trial court’s order granting a new trial, on punitive damages and therefore do not join sections II.B, or III. of the majority decision.
As'the majority notes, we review orders granting a mew trial for abuse of discretion. Brown v. Estate of Stuckey, 749 So.2d 490 (Fla. 1999). Furthermore, as the majority correctly states, “a stronger showing of an abuse of discretion is re *299 quired to reverse an order granting a motion for new- trial than for one denying new trial.” Scott v. Sims, 874 So.2d 21, 22 (Fla. 1st DCA 2004). I do not believe the learned trial judge in one of his last decisions after 35 years, on the bench abused his discretion here.[4]
. A- trial judge cannot typically grant’ 'a new trial based on inadequate punitive damages, but can do so where, as here, there are sufficient findings that the jury was improperly influenced. See St. Regis Paper Co. v. Watson, 428 So.2d 243, 248 (Fla. 1983) (“[A] new trial may be ordered if the trial judge finds that the jury ¿warded an unreasonably small amount of punitive damages because the jury was improperly influenced or because some fraud contaminated' the jury verdict"). The trial judge found that “[t]he jury misapplied the law regarding damages in this case, ignored the Court’s instructions, and was led by adverse passions and prejudicé against the Plaintiff in reaching its verdict regarding damages.” The trial judge’s order speaks of “damages” without distinguishing between compensatory and punitive damages, and is equally applicable to both, Furthermore, the trial judge found that the jury improperly asked irrelevant questions including, “Who is awarded’ punitive damages?” This also supports a finding that the jury was improperly influenced. I therefore respectfully disagree with the majority’s holding that the trial court did not base its grant of a new trial on punitive damages on the jury being improperly influenced. I read many of the trial court’s concerns about the jury’s actions as applicable to both compensatory and punitive damages.
The trial court found that the $2.3 million stipulated as economic damages was not awarded by the jury due to it considering improper factors.':-Therefore the trial court added these ■ economic damages to the final judgment after the verdict.: Because the jury failed to comply with the stipulation as to economic damages due to consideration of improper factors, the trial court fqund in ordering a new trial that the punitive damage award was not proportionate to the harm suffered and the general damages recovered. I cannot say that no reasonable trial judge would do the same. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980) (quoting Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir. 1942)) (holding that judicial discretion is abused only where no reasonable judge would “take the view adopted by the trial court”). Since the jury was improperly influenced, it was appropriate for the trial judge to order a new trial on both non-economic and punitive damages.
The majority cites Taylor v. Ganas, 443 So.2d 251 (Fla. 1st DCA 1983), for its decision to reverse the award of a new trial on punitive damages, but I believe that Taylor is easily distinguishable. In Taylor, the order granting a new trial on liability and punitive damages was reversed because it failed “to state the reasons for granting a new trial on these issues with sufficient clarity to facilitate intelligent appellate review.” Id. at 253. Here, the. trial court made the- finding mentioned above and recognized that the $325,000 in punitive damages awarded by the jury equaled the clearly incorrect amount of compensatory damages awarded. Since the jury apparently intended to award equal amounts for compensatory and punitive damages, and since the jury should have awarded at least $2.3 million in stipulated economic damages but did not *300 due to being improperly influenced, the trial court concluded that a new trial was necessary as to punitive damages. Unlike Taylor, we have sufficient information to review the trial court’s decision based on the detailed order granting a new trial.
I would affirm the trial court’s order in full as within the trial court’s broad discretion.

. See Kevin Robinson, After 35 years, Judge Jones calls it a career, Pensacola News Journal, September 26, 2015, http://www.pnj■ com/ story/news/2015/09/26/years-iudge-iones-calls-career/72882394/ (last visited June 14, 2017).